GOSS & HAMMOND *v.* N. B. WHITEHEAD.

PLEADING: PROMISSORY NOTE SIGNED IN BLANK: HOW AVOIDED AS TO EXCESS OF AMOUNT IMPROPERLY INSERTED.—The maker of a promissory note, who signed the same in blank, but restricting his agent, to whom it was delivered, as to the amount to be inserted in it, may prove under the general issue, a violation of his instructions by the agent, and notice of that fact in the holder, in avoidance of the excess so inserted. In such a case the note being valid as to the amount authorized to be inserted and only void as to the excess, its execution could not be denied under oath.

IN error from the Circuit Court of Attala county. Hon. E. G. Henry, judge.

This was an action of assumpsit, instituted in the Circuit Court of Attala county, by the defendant in error against the plaintiff in error, to recover the amount of two promissory notes, signed by the plaintiff in error, and payable to the defendant in error; one for the sum of $1140, bearing eight per cent. interest per annum from its date, and the other for $300, both dated on the same day, and having the same length of time to run to maturity.

The defendant below pleaded the general issue, and upon that issue a trial was had.

On the trial the plaintiff read in evidence the notes, and the defendant, Hammond, then offered to prove by a witness, " that the notes sued on were signed by John W. Goss, as principal, and by defendant, Hammond, as surety, in blank; that their names were signed on blank pieces of paper, and that Hammond instructed Goss (to whom the notes were delivered), not to fill them up with an amount exceeding one thousand dollars in all. And that John W. Goss went with the blank notes so signed to the plaintiff, and purchased from him sundry articles and hired negroes; and before purchasing or hiring, that Goss informed plaintiff that Hammond had limited him in filling up the notes to the sum of one thousand dollars; when plaintiff replied that he was willing to sell to Goss in his own name, and that it would be all right even if the amount exceeded the sum authorized by Hammond to be inserted; and there-

upon the purchase was made, and the notes filled up as they now appear."

To the introduction of this evidence, the plaintiff objected, upon the ground that it was inadmissible under the pleadings, the execution of the note not being denied under oath.

The court sustained the objection, and the defendant, Hammond, excepted.    The plaintiff had verdict and judgment for the full amount of the two notes and interest, and the defendant sued out this writ of error.

*Campbell* and *Washington*, for plaintiffs in error,

Contended, that the defendant, Hammond, by the evidence, which he offered to introduce, did not propose to deny the execution of the notes sued on.    The notes were at all events good, and valued at the amount of $1000, the sum authorized by Hammond to be inserted in them; and he only proposed to show that notwithstanding their execution by him, they were not binding on him, for the excess over this sum improperly inserted in them.    That this case is neither within the letter or spirit of the Act of 1824, which requires a denial of the execution of a note to be made under oath, the letter only applying to the execution of notes, &c., and the spirit and policy of the act being only to dispense with the formal proof of the signatures, where they are not thus denied.    See 1 S. & M. 17 ; 2 Ib. 187 ; 12 Ib. 586..    They insisted that the opinion in the case of *Hemphill* v. *The Bank of Alabama,* 6 S. & M. 44, relied on by the opposing counsel, so far as it relates to the question in this case, was *obiter dictum,* and not authority.

*Jason Niles,* for defendant in error,

Contended, that the court was right, in excluding the testimony offered by Hammond, is plain, from the consideration, that the proof offered tended to show that the note sued on was not his, and that he never executed it.    As the plea filed in the cause was not verified, no such proof was admissible.  *Green* v. *Robinson,* 3 How. Miss. 120–1 ; *Hemphill* v. *The Bank of Alabama,* 6 S. & M. 44 ; *Thigpen* v. *The Mississippi Central Railroad Company,* decided at the last term of this court.    This court, it is believed, will affirm the judgment of the court below, with damages.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought this suit in the Circuit Court of Attala county, to recover the amount of two promissory notes, alleged to have been executed by the defendants. The general issue being pleaded, the defendants proposed to prove, on the trial, that the notes were signed in blank, and delivered to an agent, with instructions not to fill the blanks with a sum exceeding one thousand dollars. And that the plaintiff was fully informed by the agent, as to this limitation upon the authority to fill the blanks, before he received the notes, or the blanks were actually filled up; but the court rejected the evidence, on the ground that the execution of the notes was not denied under oath.

We are of opinion that the court below erred in rejecting the evidence. The defendants admitted the execution of the notes to the extent of the agent's authority, and they could not, therefore, deny their execution. Indeed, the entire amount might have been recovered, if the notes had been transferred to an innocent holder without notice of the restriction upon the agent to fill the blanks. The agent's act, however, under any view, would be good and binding, to the extent of his authority, and it would only be void as to the excess. Under this view of the law, it would be almost impossible for a party to verify a plea by oath, denying the execution of the entire notes.

Judgment reversed, venire *de novo* awarded, and cause remanded.