## NICHOLAS P. IGLEHART

*v.*

## CHICAGO MARINE AND FIRE INSURANCE COMPANY.

1. JUDGMENTS BY CONFESSION — *Practice when rendered in open court.* Where a judgment is confessed in open court, the presumptions are in favor of the regularity of all the proceedings.    It is necessary that proof should have been made of

the execution of the warrant of attorney before the judgment is confessed, but where the confession is in open court, the evidence of that fact need not be presented in the record, but it will be presumed to have been done unless it appears to have been omitted.

2. Same — *consolidation of several notes in one judgment.* It is competent upon a confession of judgment in open court to include several notes in one judgment. A court of general jurisdiction has power to consolidate different actions of the same nature between the same parties. It is not material that an order should be made authorizing such an entry of judgment.

3. Same — *defects in declaration cured by the confession.* Where the declaration is so defective that it would have been held bad on demurrer, it is cured by the confession of the judgment. The confession of a judgment under the 27th section of the practice act operates as a release of all errors in entering up the judgment or making a record thereof.

4. Same — *record need not show that the person confessing judgment is an attorney-at-law.* It is not necessary, in the confession of judgment upon warrant of attorney, authorizing the confession to be made by an attorney-at-law, that the record should show that the person who confessed the judgment was an attorney-at-law. Attorneys being officers of the courts, it must be presumed that the court knows its own officers.

Writ of Error to the Circuit Court of Cook county, the Hon. George Manierre, Judge, presiding.

The defendant in error, on the 4th day of May, 1860, filed in the Cook County Circuit Court, in open court, its declaration, with two notes and two warrants of attorney annexed thereto, and thereon procured the entry of judgment, as by confession, against the plaintiff in error for $2,100.10 damages, besides costs.

The declaration contained one special count, alleging that the defendant in error, on the 7th of January, 1860, executed two promissory notes, payable to the order of the defendant in error, at the office of the defendant in error, one for $1,490.25, so payable ten days after date, with interest at 12 per cent. per annum, and the other for $500.00, payable ninety days after said date. After describing these notes, the count proceeds to say that the " defendant became liable to pay the plaintiff said sum of money mentioned in said note, and being so liable," &c., undertook to pay the same, &c., according to the tenor, &c., of said note.

The breach assigned, is, that the defendant had not paid the said sum of money, or any part thereof, but refused so to do, &c.

The record entry recites, that on the filing of the declaration the defendant came, by J. W. Westcott, his attorney in fact, who filed his warrant of attorney, the execution of which being duly proved, and also his cognovit, confessing, &c., it was considered that the plaintiff should recover, &c.

It is assigned as error, that the judgment was entered without any affidavit being filed to show the execution of the note and warrant of attorney.

That the breach assigned in the declaration was the non-payment of said note for $500.00, and that alone.

That it does not appear that Westcott was an attorney authorized under the power to appear for the defendant.

And that according to the record entry, he purported to act under a warrant of attorney; and neither of the warrants of attorney, as set out in the record, would authorize the entry of a judgment for any such sum as that for which the judgment was entered.

Messrs. ARRINGTON and DENT, for the plaintiff in error.

Messrs. SCAMMON, McCAGG & FULLER, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This judgment was confessed in open court, and the presumptions are in favor of the regularity of all the proceedings. According to the rules of practice, it was necessary that proof should have been made of the execution of the warrant of attorney before the judgment was confessed. And the evidence of that fact need not be preserved in the record, as it should when a judgment is confessed in vacation before the clerk. In the latter case it must appear in the record, but in the former it will be presumed to have been done, unless it appears to have been omitted. There is, therefore, no force in the objec-

tion, that it does not appear in the record, that the execution of the power of attorney, under which this judgment was confessed, had been proved.

It is likewise insisted, that it was error for the court to consolidate the two causes of action, and the confession of one judgment on both, under the several powers of attorney. A court of general jurisdiction has power to consolidate different actions of the same nature between the same parties. These different causes of action were declared on in one action, and no error was committed in permitting the confession of judgment on the two notes. Nor is it material that any order should have been made authorizing such an entry of judgment.

The objection that the declaration is defective is untenable. Even admitting that the breach would have been held bad on demurrer, it was cured by the confession of the judgment. The twenty-seventh section of the practice act declares that the confession of a judgment shall operate as a release of all errors in the entering up of the judgment, or making a record thereof. This provision of the statute disposes of that question.

It is also insisted that it does not appear that the person who confessed the judgment was an attorney-at-law. Attorneys being officers of the court, it must be presumed that the court knows its own officers, and under a power of attorney authorizing any attorney-at-law to confess a judgment, the court would not permit any person but an attorney of the court to act under the authority. The presumption will be indulged that the court below did its duty in knowing that the person who acted was a member of the bar.

No error is perceived in this record, and the judgment of the court below is affirmed.

*Judgment affirmed.*