## Collins D. White
### v.
## Willard P. Alward.

*Negotiable Instruments— Note — Power of Attorney — Alterations—Blanks—Filling of.*

1.   The delivery of commercial paper, with unfilled blanks, carries with it authority to fill the same, and the rule applies to powers of attorney attached thereto.

2.   In the absence of an agreement to the contrary, a holder can only fill such blanks as the context shows they should be filled, and where it does not show, they must be filled with regard to what is reasonable under the circumstances.

3.   If in such case the amount inserted as attorney's fees in a power of attorney is excessive, it may be reduced to what is reasonable.

[Opinion filed December 24, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Rollin S. Williamson, Judge, presiding.

Mr. Louis Shissler, for appellant.

The law is well established, that where a person signs his name to a bill or note, leaving a blank for a sum, and gives it to another person, and a sum is inserted in the blank space, and the bill or note is sold or transferred, the maker can be held liable on the note. The signing and delivery of the note with the blank for a sum, is held to confer authority on the person to whom it is delivered, to insert an amount. In Young et al. v. Ward, 21 Ill. 225, the court say:

" It is the settled doctrine, that if a party signs his name to a blank paper, and delivers it, with authority to fill the blank space above his signature with a note or bill for a particular amount, or to a specified person, and the person receiving it fills it for a larger amount, or to a different person, and it is passed in the course of business, without notice of the facts,

the maker is bound by the instrument. And so of a note or bill already filled up and intrusted by the maker or drawer, to be delivered for a particular purpose or to a particular person, or on a contingency, and the instrument is negotiated contrary to the intention of the maker, to an innocent person. It is the duty of the maker to see that his negotiable paper does not improperly get into circulation, and failing to do so, he must suffer the consequences of his negligence."

In 1st Vol. Parsons on Bills and Notes, 2d Ed., p. 109— "Where a person signs his name to a bill or note, leaving a blank for a sum, and intrusts to another, this is *prima facie* evidence of authority to insert an indefinite sum."

We claim that the fact of the signing this power of attorney to confess judgment, with blank spaces, and delivering it, sending it afloat as commercial paper, gave authority to any holder of it, to fill up these blank spaces.

We have been unable to find any decision of the precise point involved in this suit. The decision of Burwell v. Orr et al., 84 Ill. Rept. p. 465, was in regard to the alteration of  a power of attorney to confess judgment, which provided for three dollars attorney's fees, and inserting the word " hundred " after the word " three," thereby changing the words " three dollars" to " three hundred dollars." In that case there were no blank spaces to be filled. The amount of attorney's fees was fixed, and written three dollars. To change three dollars into three hundred dollars was a material alteration. There is a clear distinction between filling up a blank space, and the material alteration of an instrument which changes and alters fixed amounts. The filling up of a blank space in a note or paper is one thing; the alteration of figures is another and different thing. The same argument that would be used against the right to fill up the blank space in this power of attorney by inserting the word " fifty," could likewise be urged against the right to fill up the blank space for the amount in a promissory note.

The language used by the Supreme Court of Illinois, in Young et al. v. Ward, 21 Ill. Rep. 225, is decisive of this question. " It is the settled doctrine that if a party signs his

name to a blank paper and delivers it with authority to fill the blank space above his signature with a note or bill for a particular amount, or to a specified person, and the person receiving it fills it for a larger amount or to a different person, and it is passed in the course of business without notice of the facts, the maker is bound by the instrument."

Now the whole includes all its parts. If the party to whom it is delivered could fill up the entire blank paper over the signature, he certainly could fill up spaces where it is not a blank paper, but a paper with a printed power of attorney, with spaces in blank.

The authority implied by one signing a blank paper, is an extensive authority. In 1 Daniel on Negotiable Instruments, Sec. 144, second edition, it is stated:

"The authority implied by one signing a blank paper is so extensive that such paper will be valid in the hands of a *bona fide* holder, whether it be framed as a negotiable instrument or otherwise."

Mr. CHARLES S. BURTON, for appellee.

GARY, P. J. This case presents an important question, though in itself it is of small importance.

The appellant acquired the instrument copied below, before maturity, in good faith, and for value. It had passed through the hands of one Smith, under an indorsement in blank of the payee.

While Smith held it, he filled certain blanks with the words in italics in the copy. The blanks were filled in a different handwriting, and with ink different from the other writing on the paper, but the appellant had no notice in fact that the instrument had been added to since the appellee parted with it. It is as follows:

"$100.                    CHICAGO, Nov. 8, 1887.

" On Nov. 15, 1887, after date, for value received, I promise to pay to the order of C. A. Kamper, one hundred dollars, at 160, 162 and 164 Ogden Ave., with interest at 8 per cent. per annum after due, until paid, and to secure the payment of

said amount *I* hereby authorize irrevocably, any attorney of any court of record to appear for *me*, in said court, in term time or vacation, at any time hereafter, and confess a judgment without process, in favor of the holder of this note, for such amount as may appear thereon, together with costs and *fifty* dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that *my* said attorney may do by virtue hereof.

" P. P. ALWARD."

The case of Burwell v. Orr, 84 Ill. 465, does not settle this. It is, perhaps, inferable that the plaintiff there held for value and without notice, but it is not stated.

What the appearance of the instruments was on their face is not shown.    There is no reference to the principles by which the holder of such an instrument is protected, if he is entitled to protection.    Why the rules followed in Yocum v. Smith, 63 Ill. 321, did not apply, does not, in terms appear.    In this last case, the familiar rule, that a *bona fide* holder of commercial paper for value, before maturity, is not defeated by alterations which could not be detected, and which the negligence of the maker furnished facilities for, is applied.

If the blank filled with fifty had been a space following the word hundred, the appellee would have been liable to pay the added fifty.    But this *is not a case of alteration;* the spaces were wholly blank and the delivery of commercial paper in that condition is authority to the holder to fill the blanks.    Tiedeman on Com. Paper, Sec. 283; 1 Dan. Neg. Ins., Sec. 142; 1 Pars. B. & N. 33.

Nor is the execution of such authority confined to commercial paper.    Bish. Con., Sec. 1174; Jewell v. Rock River Co., 101 Ill. 57.

It is reasonable to apply the same rule to the power of attorney part of the instrument, as well as to the promissory note part, as was done in Vliet v. Camp, 13 Wis. 198.

In the absence of express agreement the holder probably could only fill the blanks as the context showed they ought

to be filled, or where the context furnishes no guide, for example, the amount of attorney's fees, then with what was reasonable.   But if an excessive amount is put in, it is not an alteration.   The authority existed and has been exceeded. The consequence, at the worst, for the holder, is that the excess is void.   Johnson v. Blasdale, 1 S. & M. (Miss.) 17; Goss v. Whitehead, 33 Miss. 213.

It is a question of fact whether $50 as an attorney's fee, is excessive, and if it is, then the amount should be reduced to a reasonable one, and the promissory note part of the instrument remains valid. ·

The judgment of the Circuit Court having been that the whole instrument is void, it is reversed and the cause remanded.

*Reversed and remanded.*