## EDWARD CRANE
### v.
### NILS NELSON.

*Appeals—Practice.*

1. An appeal from an order dismissing an appeal must be taken at the term the order is entered, otherwise the remedy is by writ of error.

2. The erroneous dismissal of an appeal is error in law, where it is apparent from the record that the appellee had not been brought in or entered his appearance in pursuance of the provisions of the act concerning justices, and such error can not be corrected by the same court at another term.

3. If it appears that the appearance of the appellee was entered by one who was not an attorney at law, the action of the court based upon the assumption that he was such attorney would be error in fact, but the burden is on the appellant to show such fact.

4. An affidavit of the appellant in such case, setting forth that affiant does not believe that the person in question is entitled to practice law, will not overcome the presumption that the judge of the trial court knew he was a member of the bar.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. JOHN N. JEMISON, for appellant.

The court must have jurisdiction of the subject-matter and parties to dismiss appeal. McMullen v. Graham, 6 Ill. App. 239; Steinborn v. Thomas, 8 Ill. App. 515; Norton v. Capwell, last term, this court.

Jurisdiction of appeal and parties must be lawfully obtained before the court can make orders therein. Pratt v. Bryant, 2 Ill. App. 314.

The court has no jurisdiction to dismiss an appeal or make any order, except of continuance, until it has acquired jurisdiction. Chicago Dredging & Dock Co. v. McCarty, 11 Ill. App. 552.

If appeal is not perfected ten days before the term at which

action is proposed to be taken, appellee can not, by appearance, force appellant to trial. Hooper v. Smith, 19 Ill. 53.

The appearance must be in writing. Sec. 68, Chap. 79, Rev. Stat. Ill.; McVey v. Huott, 11 Ill. App. 203; Norton v. Allen, 12 Ill. App. 592.

No appearance for appellee.

GARY, J. August 14, 1888, the appellant filed in the office of the clerk of the Superior Court, a bond for an appeal from the judgment of a justice of the peace.

At the same time the transcript and papers from the justice were there filed also, but the bond was approved by the clerk so that the appeal was taken under Section 65 of the act con, cerning justices. Nothing further was done in the case until February 20, 1890, when the appearance of the appellee was entered by one professing to be his attorney, and on the next day the case was called for trial, and the appeal dismissed for want of prosecution. Conceding this to be error, it can not be reviewed on this appeal.

March 18, 1890, which was in another term of the court, the appellant moved to reinstate the case, which, being denied, this appeal was taken, which brings up only that order. To bring up the order of February 21st, the appeal must have been taken at the February term; otherwise the remedy is by writ of error. Practice Act, Sec. 67. If it was error to dismiss the appeal at the February term, it was error in law—the fact that the appellee had not been brought in or entered his appearance in pursuance of any of the provisions of Secs. 65 to 68 of the act concerning justices, being apparent of record, and therefore the error could not be corrected by the same court at another term. Smith v. Wilson, 26 Ill. 186.

It was not error in fact to be corrected by motion under Sec. 66 of the Practice Act. It may be admitted that if the fact had been made to appear that the appearance of the appellee was entered by one who was not an attorney at law, that the action of the court based upon the assumption that he was such an attorney would be error in fact. Robb v. Smith, 3 Scam., 46; Hopwood v. Adams, 5 Burr, 2660. But

the burden was on appellant to show the fact.    Iglehart v. Chi. M. & F. Ins. Co., 35 Ill. 514.

The affidavit on that subject filed on behalf of the appellant is "that said   *   *   *   as deponent is informed and believes, as well as search of the docket of attorneys in the Supreme Court of Illinois, is not an attorney entitled to practice in the courts of record in this State, never having been, as such, admitted to practice under the laws in such cases made and provided."

There is no affidavit that the roll of attorneys has been searched, and that the name is not on the roll.    The affidavit only amounts to a statement that the affiant does not believe the person is entitled to practice law.    This is not enough to overcome the presumption that the Superior Court knew he was a member of the bar.    Iglehart v. Chi. M. & F. Ins. Co., 35 Ill. 514.

The order appealed from is affirmed.

*Order affirmed.*