Packer v. Roberts.

CHARLES P. PACKER

v.

MELVILLE T. ROBERTS, FOR USE, ETC.

*Negotiable Instruments—Judgment Note—Warrant of Attorney—Construction.*

1.   At a given term a court has no jurisdiction to vacate a judgment of the previous term for error in law, but only for equitable reasons, among which want of authority in the attorney entering the same, the defendant appearing, is not one.

2.   This court, in view of the evidence, affirms an order denying the motion of the maker of a judgment note to set aside the judgment entered thereon, the same being based upon supposed defects in the warrant of attorney and an agreement between the parties that said warrant was to have no effect.

3.   Any defense against the payee of such note, when he makes an assignment, is good against a judgment entered thereon, for the use of his assignee.

[Opinion filed May 5, 1891.]

IN ERROR to the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. E. A. SHERBURNE, for plaintiff in error.

Messrs. FLOWER, SMITH & MUSGRAVE, for defendant in error.

GARY, J.   Packer was the president and Roberts the vice-president of the Park National Bank.

That bank had printed forms of judgment notes in the form shown below, in which, however, the parts in italics are additions written into the form for use in the pending case.

"*$5,000.*                      CHICAGO, *3—10, 1890.*

" *On demand,* after date, *I* promise to pay to the order of *M. T. Roberts,* of Chicago, at his office, *five thousand dollars,* for value received, with interest thereon at the rate of eight per cent per annum, after date, until paid (and——— per cent additional as attorney's fees.   Provided, however, that if this note is paid without suit or judgment, then no attorney's fees are to be paid).

"Now, therefore, in consideration of the premises——— do hereby make, constitute and appoint Walter M. Howland, or any attorney of any court of record, to be——— true and lawful attorney, irrevocable, for——— and in——— name, place and stead, to appear in any court of record, in term time or vacation, in any State or Territory of the United States, at any time before or after the said note becomes due, to waive the service of process, and confess a judgment in favor of the said, the Park National Bank of Chicago, or its assigns, upon said note for the amount thereof, and interest thereon to the day of the entry of said judgment, together with costs and damages, and also said attorney's fees; and also to file a cognovit for the amount thereof, with an agreement therein that no writ of error or appeal shall be prosecuted on the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operation of said judgment or issuing execution thereon; and also to consent to immediate execution on said judgment; also to waive all benefit or advantage to which———may be entitled by virtue of any homestead or any other exemption law, and all laws authorizing the redemption of lands after sale under execution, now or hereafter in force, in this or any other State or Territory

of the United States, where judgment may be entered by virtue hereof; hereby ratifying and confirming all that——— said attorney may do by virtue hereof.

"C. P. Packer."

Where the name of Roberts is in the note, the printed blank had " Park National Bank."

On this note, in the shape shown above, a judgment in favor of Roberts, for the use of his assignee, under the Insolvent Act, was entered August 28, 1890, in the Circuit Court, against Packer.

September 20, 1890, which was in another term of the Circuit Court, Packer moved the court to set aside the judgment. That motion was based upon the supposed defects in the warrant of attorney, and the affidavits of Packer and Roberts that the unfilled blanks were not filled out, because it was understood and intended by them, respectively, that the warrant of attorney should not be deemed to have any force or efficacy, and that the note or writing was to be only a simple promissory note.

If evidence that they communicated their respective intentions to each other, and agreed by parol what the effect of their written contract should be, could be admitted to control it, upon which point it would seem unnecessary for us to say anything, these affidavits contain no such evidence.

It is true that any defense good against Roberts, existing when he assigned, is good now against the judgment entered for the use of his assignee. Ide v. Sayer, 30 Ill. App. 210; 129 Ill. 230. But Roberts can not divest his assignee of any rights, legal or equitable, acquired by the assignment. There is no denial of the indebtedness, nor any defense to the note itself, suggested. At the September term the court had no jurisdiction to vacate a judgment of the August term for error in law, but only for equitable reasons. Knox v. Winsted Bank, 57 Ill. 330.

If, indeed, a judgment is simply void, there is authority that the court may purge its record at another term. 1 Black on Judgments, Sec. 307. The question then is, is this judgment void?

Notwithstanding the case of Chase v. Dana, 44 Ill. 262, where, however, it does not expressly appear that the judgment was entered in term time, it is difficult to maintain that where the record shows a judgment entered on the appearance of the defendant, in term time, by an attorney of the court, it is void for any defect in his authority. Martin v. Judd, 60 Ill. 78.

If only voidable, it can be attacked in the same court after the term ends, as before said, only for equitable reasons, among which want of authority is not one. Burch v. West, 25 N. E. Rep. 658. But if the judgment could be held void because of defects in the warrant of attorney, the warrant is not .fatally defective. All of the objections to it but one are answered by White v. Alward, 35 Ill. App. 195; that one is upon the words "in favor of the said, the Park National Bank of Chicago, or its assigns." Bishop on Contracts, 384–386, is in accord with abundant authority that "every clause and even every word should, when possible, have assigned to it some meaning. It is not allowable to presume, or to concede when avoidable, that the parties in a solemn transaction have employed language idly." "After interpretation has exhausted itself in harmonizing the several clauses and words, if there is a residue which can not be reconciled, the repugnancy must be got rid of by rejecting what will free the writing from it." Applying these rules, and rejecting the words last quoted from the warrant of attorney, and the authority remains " to confess a judgment * * * upon said note " and the law will imply that the judgment is to be in favor of the party who, upon the note, appears to be entitled to the money.

Whether the true construction of the Insolvent Act enables an assignee to sue in his own name upon a note, not indorsed, payable to the insolvent, it is not necessary to decide. No equity is involved in the question.

There is no error, and the order denying the motion to set aside the judgment is affirmed.

*Order affirmed.*