NATHANIEL C. THAYER

v.

JOHN C. RICHARD AND GEORGE E. PACE.

*Negotiable Instruments—Note—Title of Indorsee—How Defeated— Special Findings.*

1.   Only special findings inconsistent with the general verdict are of any consequence; only a fact of a kind to control that verdict is material.

2.   The title of an indorsee of negotiable paper before maturity can only be affected by bad faith.   Negligence, knowledge of suspicious circumstances or means of ascertaining, is not enough.

[Opinion filed March 19, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. GRIFFIN & WILE, for appellant.

Mr. WM. ELIOT FURNESS, for appellees.

GARY, J.   This is an action by the appellees as indorsees of a promissory note made by the appellant.

He defended upon the ground that the note was obtained

from the appellant by the payee, by false representations of the quality of certain land for the purchase price of which it was given, and that the appellees are not innocent holders. Even if there were anything wrong with the consideration, the only ground for charging the appellees with notice of it, is a special finding by the jury that when the appellees took the note they had "the means of ascertaining all the circumstances of the real estate deal" in which the note was given. Only special findings inconsistent with the general verdict found, are of any consequence; the general verdict needs no support, but may be controlled by them. No fact, not of a kind to control the verdict, is material. C. & N. W. Ry. v. Dunleavy, 129 Ill. 132; C. & N. W. Ry. v. Bouck, 33 Ill. App. 123.

It may be conceded that when a defense consists of two branches, e. g., fraud and notice, each fact might be separately found, and jointly considered as controlling an inconsistent verdict. Here, however, it is not found by any other special finding, that there was anything in the defense intrinsically, but rather the contrary.

Again: It was settled upon great consideration, in Comstock v. Hannah, 76 Ill. 530, that the title of an indorsee for value before maturity, can only be affected by bad faith; negligence or knowledge of suspicious circumstances, is not enough; and therefore "means of ascertaining" cuts no figure.

In truth, however, there is no such evidence of either branch of the defense as is worthy of consideration, and the judgment is affirmed. *Judgment affirmed.*