Marder, Luse & Co. & W. A. Fowler v. Edward A. Filkins, Assignee of M. H. Kauffman Medical Pub. Co.

1. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*Judgment Creditors—Preferences.*—Creditors of an insolvent corporation who obtain judgments upon their claims, have executions issued and placed in the sheriff's hands prior to the execution and recording of an assignment by said insolvent, will be held as preferred creditors and their claims ordered paid as such.

2. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*Assignee Takes Subject to all Liens.*—The doctrine settled is, that when property is assigned by debtors for the payment of the debts of the assignors, the assignee takes it as a volunteer, and subject to all the liens, equities and burdens to which it was subject in the hands of the assignors.

**Memorandum.**—Voluntary assignments. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the October term, 1893, and reversed with directions. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

M. BRYANT & M. BLANCHARD, attorneys for Marder, Luse & Co.

G. F. WHITE, attorney for W. A. Fowler.

BANGS, WOOD & BANGS, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The M. H. Kauffman Medical Publishing Company, a corporation, made its deed of assignment to the appellee, dated September 14, 1892, which was filed in the recorder's office of Cook county on the same day at 12 o'clock noon, and in the office of the clerk of the County Court at 12:30 o'clock in the afternoon of the same day.

Two days before, and on September 12th, the appellant, Marder, Luse & Company, a corporation, recovered a judgment, by confession, in the Superior Court, against the insolvent corporation, and caused execution to be issued thereon, and placed in the hands of the sheriff, on the day the judgment was recovered.

On September 14, 1892, the same day the deed of assignment was executed and recorded, the appellant, William A. Fowler, recovered a judgment in open court, in said Superior Court, upon a cause submitted to the court by agreement of parties, without a jury, and caused execution to be issued thereon and placed in the hands of the sheriff on the same day, nearly two hours before the deed of assignment was filed in either the recorder's office, or in the office of the county clerk.

No levy was made under either execution.

The appellants, respectively, filed their petitions in the County Court, setting up the fact of the recovery of said judgments and the issue of executions thereon, and the delivery of the same to the sheriff, and prayed that the amounts of the judgments should be allowed as first liens against the insolvent estate, and paid as such.

To the petition of Marder, Luse & Company, the assignee answered that there was no such valid judgment and execution, and to the petition of William A. Fowler, the assignee answered, neither admitting nor denying its allegations, but called for proof thereof.

The County Court denied the prayer of both petitions for a preference, but allowed them both as general unpreferred claims.

In point of time the two executions were entitled to liens in the order of their delivery to the sheriff, and it is difficult to see when or how they lost priority over the general creditors of the insolvent estate.

It is not claimed in any way whatever, that either one of the judgments was obtained for a debt not fairly and honestly due to its full amount, from the insolvent corporation to the respective judgment creditors, who are appellants; nor is it claimed that either judgment was recovered as a part of a plan to make an assignment by the insolvent.

And even though it were so claimed, the evidence, on the hearing of the petitions, which we have carefully scrutinized for the disclosure of such fact, if it were so, clearly shows that the assignment was precipitated by a report subsequent to the recovery of the last judgment, that possession of the property of the insolvent was threatened to be taken under an alleged fraudulent chattel mortgage.

The only reason presented to us by counsel for appellee as to why the judgment of the County Court should be sustained, is the want of authority by the president of the insolvent corporation to confess judgment against the corporation, and incidentally, to facilitate the obtaining of judgment against the corporation as was done in the Fowler suit, and this is based solely on the testimony elicited from Kauffman, the president of the insolvent corporation, that "the board of directors did not give me authority to execute any power of attorney to confess judgment."

It was decided in Union Trust Co. v. Trumbull, 137 Ill. 146, that a proceeding in the County Court under the act relating to assignments by insolvent debtors is a proceeding in equity, and not a purely statutory proceeding.

Nothing being shown, or pretended to exist, which in any
manner detracts from the equities of the claims of the
respective appellants, the liens of the executions should not
be avoided for mere want of authority to confess, or con-
sent to the judgments.

Burch v. West, 134 Ill. 258, was a case where a receiver
brought a bill in equity to enjoin the sale by a sheriff under
executions, issued upon judgments entered by confession
against a corporation, mainly upon the ground that the
officers who executed the notes and warrants of attorney,
upon which the judgments were confessed, had no authority
to execute the same; and, assuming " that the officers of the
company were not authorized to execute the powers of
attorney," the court said :

" All of the judgments were based upon full, adequate and
valuable considerations, and nothing appears in the record
to charge any of the judgment creditors with fraud, or to
show that any of the judgments were collusively confessed,
when no indebtedness, or no sufficient indebtedness, existed.
Nothing appears in the record to impeach the justice of the
judgments. * * * In this case, there being no injustice
and no fraud in the judgments, neither the printing com-
pany, nor its creditors, nor the receiver, have any right
to relief in a court of equity." See, also, Packer v. Roberts,
40 Ill. App. 445.

The fact that it is the assignee of the judgment debtor
who invokes the lack of authority by the president of his
insolvent principal, lends no additional weight to the objec-
tion.

" The settled doctrine is, that when property is assigned
by debtors for the payment of the debts of the assignors, the
assignee takes it as a volunteer, and subject to all the liens,
equities and burdens to which it was subject in the hands
of the assignors." Union Trust Co. v. Trumbull, *supra*.

Upon the record, as here presented, no good reason
appears why the claims of both appellants, Marder, Luse &
Company, and William A. Fowler, should not be allowed as
preferred claims, and ordered to be paid, as such, by the

assignee, against the proceeds of all the property upon which the executions were a lien, in the order of their priority as between themselves; and the judgment of the County Court is therefore reversed with directions to so allow and order concerning the same.  Reversed with directions.