### John C. Trainor v. Julian Adams.

1. PROMISSORY NOTES—*Innocent Holders.*—T. signed a printed blank of a promissory note, and intrusted it to one Ca. to buy a horse of Co. for $51. Co. wouldn't take T's signature on the note, and so Ca. bought the horse for $51, and one An. bought another for $60, and the price of

the two horses, $111, was put into the note, which Ca. and An. also signed, and delivered it, thus signed by the three, to Co., who assigned it to Ad. The note was held good in the hands of the assignee.

Memorandum.—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 26, 1894.

The opinion states the case.

APPELLANT'S BRIEF, CHAS. J. TRAINOR, ATTORNEY.

Appellant asks that the judgment be set aside and suit dismissed as to him, because the evidence shows that appellee purchased, or in some way came into possession of the note after maturity, and hence he acquires but the actual right and title of the transferrer, and takes it subject to all the equities with which it is incumbered in the hands of the party from whom he received it. For it comes "disgraced to him" and with full knowledge that something is wrong about the note. It is dishonored by not being taken up at its maturity. It comes to him tainted with suspicion, and he is put upon inquiry as to the rights of the former holder, and the real and not the apparent liability of the makers. He takes it precisely as it was held by him from whom he acquires his title. The maxim *caveat emptor* applies in such a case. And hence he takes it subject to any defense that could be made to it, had the suit been brought in the name of the original payee. Bissell v. Curran, 69 Ill. 20; Cooper et al. v. Nock, 27 Ill. 301; Stafford v. Fargo, 35 Ill. 481; Lock v. Fulford, 52 Ill. 166; Lord et al. v. Favorite, 29 Ill. 149; Thompson v. Shoemaker, 68 Ill. 256; Bradley v. Linn, 19 Brad. 322.

APPELLEE'S BRIEF, HIRAM HOLBROOK ROSE, ATTORNEY.

The mere possession of a negotiable instrument, produced in evidence by the indorsee, or by the assignee where no indorsement is necessary, imports, *prima facie*, that he acquired it *bona fide* for full value, in the usual course of business, before maturity, and without notice of any circum-

stances impeaching its validity; and that he is the owner thereof, entitled to recover the full amount against all prior parties.    In other words, the production of the instrument and proof that it is genuine, *prima facie* establishes his case, and he may rest it.    Daniel's Negotiable Inst., Sec. 812 (3d Ed.); Palmer v. Nassau Bank, 78 Ill. 381; McHenry v. Ridgely, 2 Scam. 309; Curtiss v. Martin, 20 Ill. 557.

The burden of proof was on the defendant to show by a preponderance of evidence that the above state of facts did not exist.

It is the settled doctrine that if a party signs his name to a blank paper and delivers it with authority to fill the blank above his signature, with a note or bill for a particular amount or to a specified person, and the person receiving it fills it for a larger amount, or to a different person, and it is passed in the course of business without notice of the facts, the maker is bound by the instrument.    And so of a note or bill already filled up and intrusted by the maker or drawer to be delivered for a particular purpose or to a particular individual, or on a contingency, and the instrument is negotiated contrary to the intention of the maker, to an innocent person.    It is the duty of the maker to see that his negotiable paper does not improperly get into circulation, and failing to do so, he must suffer the consequences of his negligence.    Young et al. v. Ward, 21 Ill. 225; Geddes v. Blackmore, 32 N. E. Rep. 567.

Mr. Justice Gary delivered the opinion of the Court.

The appellee sued the appellant upon a promissory note. The note was made to one Cone, and it may be conceded that the appellee had no better title to the note than Cone had.

The appellant signed a printed blank of a promissory note, and intrusted it to one Cartwright to buy a horse of Cone for fifty-one dollars.    Cartwright testified that " Cone wouldn't take Mr. Trainor's signature on the note at all; he didn't know him, and told me he wouldn't take it," and so Cartwright bought the horse for fifty-one dollars, and one Antonides bought another for sixty dollars, and the price of

the two horses—one hundred and eleven dollars—was put into the note, which Cartwright and Antonides also signed, and delivered, thus signed by the three, to Cone. It does not appear that Cone had any notice of the relations between the appellant and Cartwright, and if he had, the note was good in his hands, and therefore in the appellee's, for fifty-one dollars. Johnson v. Blasdale, I. S. & M. (Miss.) 17, and Gross v. Whitehead, 33 Miss. 213, cited in White v. Alward, 35 Ill. App. 195, are exactly in point; and the statement by Daniels to the contrary (1 Dan. Neg. Inst., S. 147) is not supported by the cases he cites.

The note was indorsed in blank by Cone. The holder under a blank indorsement may fill it to suit himself on the trial, but need not do it, as it is a mere form. Weston v. Myers, 33 Ill. 424; Cutting v. Conklin, 28 Ill. 506.

The case was tried without a jury, and the only exception in the case, except for rejecting as evidence a letter from a stranger to the suit, is to the denial of the appellant's motion to dismiss the suit as against him, he being sued with Cartwright. As the appellee was, at least, entitled to recover the fifty-one dollars, that motion was rightly denied.

The testimony of Cartwright, the only witness as to what took place with Cone, was so inconsistent with his conduct that the court might well discredit it, and hold that Cone was a *bona fide* holder without notice, and therefore entitled to recover the full amount of the note. And at least Adams succeeded to Cone's rights. The judgment must be affirmed.