## Angelica Kuehne and Charles Kuehne v. Edward J. Goit.

1. JUDGMENTS—*Vacating After the Term.*—All objections to irregularities in entering a judgment, come too late after the adjournment of the term. It is only for reasons affecting the justice and equity of the judgment that it can be set aside at a subsequent term.

2. PROMISSORY NOTES—*Filling up Blank Indorsements.*—Where a note is held under an indorsement in blank, filling up the indorsement is mere form, and may be wholly omitted. The holder under such an indorsement may sue in the name of any person who consents.

3. ATTORNEYS—*Court Take Judicial Notice of, etc.*—A court of record is presumed to know the members of the bar practicing before it.

**Memorandum.**—Judgment by confession. Error to the Superior Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed March 29, 1894.

The opinion states the case.

F. W. JAROS, attorney for plaintiffs in error.

BRIEF OF DEFENDANT IN ERROR, ARNOLD HEAP AND WILLARD & EVANS, ATTORNEYS.

If the first indorsement is in blank it is in effect making the note payable to bearer, and the note may thereafter be

transferred by delivery. Chitty on Bills, pages 228 and 230; Morris v. Preston, 93 Ill. 215.

The Revised Statutes of Illinois of 1874, section 8, chapter 98, negotiable instruments, in force for many years past, and now, provide:

" Any note  *  *  * made payable to bearer may be transferred by the delivery thereof, and an action may be maintained thereon in the name of the holder thereof."

Possession of a promissory note indorsed in blank is evidence of title. Burnah v. Cook, 32 Ill. 168; Palmer v. Nassau Bank, 78 Ill. 380.

Any person who holds a note may bring an action on the same if indorsed to bearer or in blank, without his being required to show an interest in the same, unless he possess the note under suspicious circumstances; and if the question of " *mala fide possessio*," which is one of fact to be submitted to the jury, is not raised by the defendant, the court will not inquire into the right of the plaintiff, but will consider possession of the note as evidence of property. McHenry v. Ridgley, 2 Scam. 309; Kyle v. Thomson, 2 Scam. 432; Campbell v. Humphreys, 2 Scam. 479.

A person who holds a note may bring suit, or a suit brought by an owner in the name of a third person, even without such person's knowledge or consent, will be maintained. Hillborn v. Argus, 3 Scam. 344; Waggoner v. Colvin, 11 Wend. 27; Gage v. Kendall, 15 Wend. 640.

The cashier of a bank may commence suit in his own name for the bank, the owner of the note. Palmer v. Nassau Bank, 78 Ill. 380.

What consideration passed between the assignor and the assignee of a note does not affect the maker. He has nothing to do with it. Hutchinson v. Crane, 100 Ill. 274.

The want of consideration can not be insisted upon if the plaintiff, or any intermediate party between him and the defendant, take the bill or note *bona fide* and upon a valuable consideration. Bailey on Bills, page 550 (Phillip & Sewells' Ed.).

One who purchases commercial paper for value with notice

of defects in its inception from a *bona fide* holder without notice, stands upon the rights of the latter, and may recover the amount of the paper. Haskell & Garry v. Whitmore, 19 Me. 102.

A note indorsed in blank and transferred by delivery, where the holder acquires the same after maturity, is protected by the first *bona fide* acquisition prior to maturity. Boyd v. McCann, 10 Md. 118; Woodworth v. Huntoon, 40 Ill. 131; Simons v. Merritt, 33 Ia. 577.

Any other rule would defeat the negotiability and circulation of negotiable paper. Peabody v. Reeves, 13 Ia. 571.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

November 4, 1893, the last day of the October term, in the Superior Court, judgment by confession was entered in favor of Goit against Charles Kuehne and his mother, Angelica Kuehne, upon a promissory note with warrant of attorney attached, as follows:

" CHICAGO, October 11, 1892.

One year after date, for value received, we promise to pay to the order of John Mathias Bredt $2,000, at his office, 137–139 State street, with interest at 6 per cent per annum after date until paid.

And, to secure the payment of said amount, we hereby authorize, irrevocably, any attorney of any court of record, to appear for us in such court, in term time or vacation, at any time after maturity, and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid.

ANGELICA KUEHNE, Surety."
CHARLES KUEHNE.

December 5, 1893, the second day of the December term, the defendant below moved to set aside that judgment upon affidavits showing that she was merely a surety, and that Charles, having been in partnership with Bredt, was induced by false and fraudulent representations made by Bredt as to the condition of the firm, to buy him out, giving this note, for which there was in fact no consideration.

Charles stated in his affidavit that on the 6th and 7th days of November, Goit told him that the note was put into his hands by Bredt for collection; that it had been taken out of his possession a few days before; that he did not know what had become of it.

That affidavit further states that the affiant believes that the judgment was entered in the name of Goit, without his knowledge, for the benefit of Bredt.

On behalf of Goit were affidavits of Goit himself, of Bredt, and of Carl Moll, cashier of the National Bank of Illinois, showing that before maturity the note was indorsed to the bank as collateral security for a larger indebtedness, still unpaid, of Bredt, to the bank; that Goit was a book-keeper in the bank, and the judgment was entered in his name for the benefit of the bank.

Goit denied the conversation alleged by Charles, and stated that, not knowing the facts in regard to the note, he had referred Charles to the assistant cashier.

All objections for irregularities, if there be any, in entering the judgment, are too late; only for reasons affecting the justice and equity of the judgment can it be set aside at a term after it was entered. Packer v. Roberts, 40 Ill. App. 445.

Nevertheless, we will consider the objections made.

First, that the warrant is to " any attorney of any court of record," and that there is no such attorney as " Walker & Walker" who signed the *cognovit.*

We may be mistaken in our conjecture that " Walker & Walker" means two persons. No law would forbid parents named Walker naming a child " Walker &." In Cromwell's time during the French Revolution stranger names were in use, and the Superior Court is presumed to know the members of the bar practicing there. Crane v. Nelson, 37 Ill. App. 597.

In any case the objection is of no merit. Zimmerman v. Wead, 18 Ill. 304.

The objection that Goit had no interest in the note is by the brief of the plaintiffs in error subdivided into several

heads, but is answered by the fact that the bank held the note under an indorsement in blank by Bredt. Filling up such an indorsement is mere form, and may be wholly omitted. Trainer v. Adams, 54 Ill. App 523.

The holder under such an indorsement may sue in the name of any person who consents. Law v. Parnell, 7 C. B. N. S., 282, 97 E. C. L. 281.

By the affidavits filed on behalf of Goit, and such affidavits were admissible (Truby v. Case, 41 Ill. App. 153), it is made to appear so clearly that there can be no reasonable doubt of it, that the bank was a *bona fide* holder of the note, for value, deriving its title by indorsement of the payee before maturity.

In such case the makers, however ˙ much they were wronged by the payee, can have no redress or relief at the expense of the assignee. Thayer v. Richard, 44 Ill. App. 195.

The judgment is affirmed.