## John Condon and J. A. Webb v. Charles Bruse and Company.

1. GUARANTY—*Contract of—When Implied.*—Names written upon the back of a promissory note, imply a guaranty, not conclusively, but *prima facie*, subject to evidence as to what may have been the real contract.

2. PROMISSORY NOTES—*Blank Indorsements.*—An implied contract need not be written out. Where names are indorsed in blank upon a promissory note, filling up the indorsement is mere form, and may be wholly omitted.

Assumpsit, on a contract of guaranty. Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1895. Remittitur ordered, etc. Opinion filed April 4, 1895.

EDWARD H. MORRIS, attorney for plaintiffs in error.

ISRAEL COWEN, attorney for defendants in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The plaintiffs in error wrote their names upon the back of a promissory note, payable to the defendants in error, purporting to be made by the "Indiana Racing Ass'n," described in the declaration as the "Indiana Racing Association."

Their names, so written, imply a guaranty—not conclusively, but *prima facie*—subject to evidence as to what may have been the real contract. Kingsland v. Koeppe, 35 Ill. App. 81; 137 Ill. 344. And the contract implied need not

ever be written out.   Filling up such an indorsement is mere form, and may be wholly omitted.   Kuehne v. Goit, 54 Ill. App. 596.

The abbreviation "Ass'n" for "Association" is in common use and well understood.   State v. Vaile, 26 S. W. Rep. (Mo.) 672.

In pleading, not descriptively *in hæc verba*, but the legal effect, the use of the full word is not a variance from the instrument.   Earl of Shrewsbury's case, 9 Coke, 42.

The demurrer to the plea of Condon, denying the making of the note by the Indiana Racing Association, should have been sustained.   Condon was not at liberty to make such a defense.   Bestor v. Walker, 4 Gilm. 3.   His indorsement was a warranty that the note was what it purported to be. Randolph, Com. Pap., Sec. 752.   That the plea was verified, had no effect.

The action was not upon the note, but upon the indorsement, and so was not within Practice Act, Sec. 34.

The mistake of the court in holding the plea good does not now entitle the plaintiff in error to anything.   McNulta v. Ensch, 134 Ill. 46.

The promise in the note was to pay "with reasonable attorney fees."   If those fees could be collected from the plaintiffs in error at all, they could not be so collected in this suit.   They accrued, if ever, after this suit was commenced. Nickerson v. Babcock, 29 Ill. 497.

The amount due upon the note, principal and interest, at the time of the trial, was $1,307.88.   The verdict and judgment are $1,435.41, an excess of $127.53, for the protest was an idle ceremony.

If the defendant in error, within ten days from the filing of this opinion, remit from the judgment $127.53, the residue of the judgment will be affirmed; if not, it will be reversed and the cause remanded; in either event the costs fall on the appellees.