## D. Schnitzer, Appellee, v. John Kramer and Maggie Kramer, Appellants.

### Gen. No. 19,949.

1. BILLS AND NOTES, § 24*—*right of payee to fill in blank for attorney's fees.* .Where the amount of attorney's fees in a judgment note was not written in the blank space provided for that purpose, the authority to fill in the blank for a sum not excessive in amount exists in the payee of the note.

2. ALTERATION OF INSTRUMENTS, § 18*—*effect of filling in blank left for attorney's fees.* The filling in a blank space left for attorney's fees in a judgment note is not a material alteration .going to the validity of the instrument, but is supplying a manifest omission.

3. BILLS AND NOTES, § 24*—*when blank in note may be filled in.* Where additions or insertions are made in conformity with the apparent character and object of a blank in a note, they are proper and binding upon the maker of the instrument.

Appeal from the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

THOMAS W. REILLY, for appellants.

SONNENSCHEIN, BERKSON & FISHELL, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Defendants gave plaintiff their judgment notes, but in the power of attorney authorizing any attorney of a court of record to confess judgment the amount of the attorney's fees to be allowed was not written in the blank space provided for that purpose. Some of the notes were for two hundred and fifty dollars and others for one hundred and fifty dollars each, and plaintiff after receiving them wrote in the blank space of the two hundred and fifty dollar notes the amount of twenty-five dollars as attorney's fees, and in the space in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

one hundred and fifty dollar notes, the amount of fifteen dollars as the attorney's fee. Judgment was entered on these notes for the amount of the principal due and also the attorney's fees which had been written in as described.

Defendants claim that this supplying of the amount of attorney's fees constituted a material alteration of the notes which was fatal to their validity. We do not agree with this contention. Filling in the blank spaces was not altering the notes but rather supplying a manifest omission. The general rule is that such additions or insertions when made in conformity with the apparent character and object of the blank are proper and binding upon the maker of the instrument. See Tiedemann on Commercial Paper, sec. 283; 1 Daniel on Negotiable Instruments, sec. 142; Parsons on Notes and Bills, 33. See also the opinion in *White v. Alward*, 35 Ill. App. 195, in which case this identical question was involved and in which the Court said, in substance, that even if an excessive amount of attorney's fees had been put in it was not an alteration of the note; the authority to supply the omission existed, even if it had been exceeded, and that at most the excess amount was void. There is no question before us as to the reasonableness of the attorney's fees in this case.

The judgment is affirmed.

*Affirmed.*