## NAY vs. CROOK.

1. TROVER — DEMAND AND REFUSAL. In an action of trover, where the defendant became in the first instance lawfully possessed of the property, the plaintiff cannot recover without showing a demand and refusal, or an actual conversion of the property by the defendants, and the rule is the same in replevin in the *detinet.*

2. AMENDMENTS, A MATTER OF DISCRETION. The ruling of the district court, in allowing an amendment in a case within the statute on that subject, is a matter of discretion, and cannot be revised in this court on a writ of error.

ERROR to the District Court for *Rock* County.

*Crook* brought an action of replevin against *Nay* for the unlawful detention of two horses and two stacks of wheat. The defendant moved the court to quash the writ, because the affidavit upon which it was issued did not state the value of the property, for want of a sufficient præcipe, and that the writ did not state the sum for which the action was commenced, nor the value of the property. Upon the hearing of this motion the plaintiff asked for leave to amend the writ, which was allowed, and the motion to

quash was overruled.  The cause was tried upon a plea of *non detinet*, and the evidence given at the trial and the rulings of the court thereon are sufficiently stated in the opinion of the court.

*David Noggle*, for plaintiff in error.

1. The court erred in its charge to the jury, the action of replevin being analogous to that of trover, and no proof of a wrongful taking or conversion being proved, the plaintiff could not recover without showing a demand and refusal.  1 Chitty's Plead. 163 ; 4 Scam. 448 ; 24 Pick. 214.

*A. Hyatt Smith*, for defendant in error, contended that the debts being past due, and the mortgage having become absolute, the plaintiff was entitled to the property, and might maintain replevin.  He cited 9 Wend. 80 ; 8 Johns. 96 ; 6 id. 289 ; 9 Wend. 258.

DUNN, C. J.  *Crook*, the plaintiff below, brought an action of replevin against *Nay*, defendant below, for unjustly detaining certain property of the plaintiff described in his writ and declaration.  On the trial, the defendant asked the court to instruct the jury, that "to entitle the plaintiff to recover in this form of action, he should prove a demand of the property replevied of the defendant, and a refusal by him-to deliver."  This was refused, and the court instructed the jury, that "a demand and refusal was not necessary to entitle the plaintiff to recover."  For the refusal to instruct, and the instruction given, error is assigned.

In trover, a demand and refusal are necessary in all cases, where the defendant became in the first instance, lawfully possessed of the goods, and the plaintiff is not prepared to prove some distinct actual conversion.  1 Chit. 157.  In this respect the action of replevin for unjust detention is analogous to that of trover.  4 Scam. 449 ; 1 Wend. 115 ; 15 Mass. 359.

In the case at bar, the reason and soundness of the rule is most apparent.  From the evidence, it appears that the

Nay vs. Crook.

plaintiff claimed the property replevied, under a chattel mortgage, given by the defendant to one Newhall, which had become absolute, by failure of the defendant to comply with the terms ; and it had been assigned to the plaintiff by Newhall. There is nothing in the evidence proving that the defendant had any knowledge of the assignment, or that the plaintiff was the real owner of the property, so that he could deliver it to the person entitled. The property was in possession of the defendant at the date of the mortgage, and has so continued to the commencement of the action by the plaintiff, without any demand whatever. We cannot doubt that the ruling of the court was erroneous.

It is also assigned for error, that " the court permitted the plaintiff to amend his writ, after the motion to quash was sustained." It appears from the record, that the quashing and leave were simultaneous. This is in accordance with the practice of the district courts. Leave to amend, in the particulars authorized by the statute of amendments, is granted in the discretion of the court, and is not the subject of revision here on error, as has been repeatedly decided. We are of opinion, that the judgment of the district court be reversed, with costs, and the cause remanded for further proceedings consistent with this opinion. Ordered accordingly.*

* The supreme court will not review an order or ruling of the court below, or a judgment in a case wherein such order or ruling was made for an erroneous exercise of the legal discretion vested in such court in making such order or ruling, unless there was a gross abuse of such discretion. 2 Chand. 152; 3 id. 41 ; 2 Wis. 437; 5 id. 107; 6 id. 57; 7 id. 496; 10 Mis. 388; 1 id. 209, 17, 70.