Stahl, Respondent, vs. Chicago, St. Paul, Minneapolis & Omaha Railway Company, imp., Appellant.

*October 16 — November 4, 1896.*

*Pleading: Replevin: Possession: Judgment: Stipulation: Construction of mandate: Setting aside judgment.*

1. In an action of replevin a complaint which fails to allege that one of the defendants at some time had possession of plaintiff's property, or that, being in possession of it, he refused to surrender it on a proper demand, does not state a cause of action against such defendant.

2. Where the complaint does not allege, nor the special verdict find, facts which implicate one of the defendants who did not answer with the wrong complained of, a judgment against him is without support and should be set aside.

3. On an appeal from a judgment rendered on a special verdict, a mandate directing entry of the "proper judgment for the plaintiff" required the entry of a proper judgment based on the special verdict.

4. In an action against several defendants a stipulation signed by the attorneys of one of them as "defendants' attorneys" authorizing the entry of judgment "in favor of the plaintiff" for a certain sum did not authorize a judgment against all the defendants for that sum. [The effect of an attempt on the part of such attorneys to stipulate for judgment against a defendant whom they did not represent is not determined.]

APPEAL from a judgment of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Reversed.*

This is an action of replevin to recover for several car loads of cedar timber, which was, at the time of the commencement of the action, loaded upon cars belonging to the Eastern Railway Company of Minnesota, at Superior, in this state. The timber had been wrongfully cut and removed from the plaintiff's land by one R. E. Lynn and others, his servants and vendees, who were joined as defendants with Lynn. The only allegation in the complaint which can be claimed to in any way implicate the appellant with the authors of the plaintiff's wrongs is this: "The defendants, R. E. Lynn, Paden & Co. and R. D. Peacock, wrongfully took said property from the possession of the plaintiff, and have ever since unlawfully and wrongfully detained the same from the plaintiff, and, together with the defendant railway companies, all of said defendants do now unlawfully and wrongfully detain the same from the plaintiff at the place aforesaid." Except in the title to the complaint, and an allegation of the appellant's corporate character, there is no other reference to the appellant in the complaint. There is no allegation that the property ever came into the possession or control of the appellant, or that it in any way interfered with it at any time. The appellant did not appear in the action.

The defendant Lynn alone appeared in the action and defended. He gave an undertaking, under the statute, and retained possession of the property during the litigation. On the trial there was a special verdict covering only the issues litigated between the plaintiff and Lynn, and judgment for the plaintiff. On appeal to this court the cause was remanded with the mandate "to assess the value of the cedar timber at $51, and to render the proper judgment for the plaintiff." 86 Wis. 75. When the cause came again before the circuit court, the plaintiff elected, under the statute, to

take judgment for the value of the property, instead of a return of it.   Then the attorneys of the plaintiff, with the attorneys of the defendant Lynn, stipulated that judgment be entered *in favor of the plaintiff* for the sum of $51, value of the property, and as damages $187.65, the sum of the costs taxed in the supreme court in two successful appeals by the plaintiff; and judgment was so entered accordingly against all the defendants, including the appellant.   The stipulation did not, in terms, provide *against* whom the judgment might be entered, nor that it might be entered *against* any party; and it was signed by Lynn's attorneys simply as "*defendants' attorneys.*"   When the existence of the judgment was called to the attention of the appellant, it at once moved to vacate it, and for leave to defend, which motion was denied.   This appeal is from both the judgment and from the order refusing to set it aside.

For the appellant there was a brief by *Pope & Perrin,* and oral argument by *Carl C. Pope.*

For the respondent the cause was submitted on the brief of *Reed & Reed.*

Newman, J.   The complaint, clearly, does not state a cause of action against the appellant.   It neither alleges that the appellant at some time had possession of the plaintiff's property, nor that, being in possession of it, it refused to surrender on a proper demand.   These were material and necessary allegations, for replevin does not lie against a party who has never been in possession of the plaintiff's goods (*Grace v. Mitchell,* 31 Wis. 533); nor against one who came lawfully into possession, until after a refusal to deliver them on a proper demand (*Nay v. Crook,* 1 Pin. 546).   These necessary allegations cannot be found in, nor inferred from, the general allegation or conclusion that "the defendants unlawfully detained the same."   It is elementary that *the facts* which constitute the plaintiff's cause of action must be

pleaded. Such facts are to be alleged directly and positively, and not by way of recital or inference, nor as conclusions of law. The complaint alleges no fact which in any way implicates the appellant with the wrong of which the plaintiff complains. So the complaint is no support to the judgment against the appellant. The special verdict finds no fact which implicates the appellant. It is limited strictly to the determination of the issues which were litigated between the plaintiff and the defendant Lynn. So the verdict gives no support to the judgment. Nor is the judgment supported by the mandate of this court on a former appeal. *Stahl v. Lynn*, 86 Wis. 75. The mandate was "to render the proper judgment for the plaintiff." This could only mean the judgment which was the proper one to be rendered on the special verdict. No further trial was contemplated. The stipulation contains no consent to the entry of a judgment against the appellant. No such consent is expressed. The stipulation is signed only by the attorneys of the defendant Lynn. It is evident that they intended to bind only their own client, and did not contemplate the entry of a judgment against the appellant. If they had attempted to stipulate for a judgment against the appellant, that would present a different question. So it appears that the judgment is supported neither by the complaint, the verdict, the mandate of this court, nor the stipulation. It is entirely without support in the record. It should have been set aside.

*By the Court.*— So much of the judgment of the circuit court as is against the appellant is reversed, and the cause remanded for further proceedings according to law.

MARSHALL, J., took no part.