E. TAVANO ABBOTT v. WESTERN UNION TELEGRAPH COMPANY.[1]

April 25, 1902.

Nos. 12,790—(7).

**Telegram—Failure to Deliver.**
> Complaint in an action for damages against a telegraph company for failure to deliver a message construed, and a demurrer thereto *held* properly sustained by the trial court.

Appeal by plaintiff from an order of the district court for Hennepin county, Brooks, J., sustaining a demurrer to the complaint. Affirmed.

*E. T. Abbott*, in pro. per.

*C. M. Ferguson*, for respondent.

BROWN, J.

Action to recover damages for the failure of defendant to de-

[1] Reported in 90 N. W. 1.

liver a telegram in accordance with an alleged custom and agreement. Plaintiff appeals from an order sustaining a demurrer to his complaint.

Plaintiff, a surveyor, had made certain surveys for the Mississippi & Rum River Boom Company, and had agreed with it to testify concerning the same on the trial of an action in which such boom company was interested. On April 4, 1900, he was at the city of Bayfield, Wisconsin, and it was then expected that the trial of said action would come on soon. Plaintiff telegraphed to the attorney for the boom company for information concerning the date of the trial, and the complaint alleges that he gave instructions to defendant's operator at Bayfield to deliver at once any telegram received in response. On the following day plaintiff went to the city of Washburn, Wisconsin, being obliged to do so for business reasons; but before doing so, he requested defendant's operator at Bayfield to repeat and forward any message he might receive to him at Washburn. The complaint alleges that defendant's operator promised and agreed to do so, and it further alleges the custom of defendant company to so forward and repeat messages at the request and instance of the person to whom they are to be delivered. The message from the attorney, residing at Minneapolis, informing him of the date of the trial, was received at Bayfield after plaintiff's departure for Washburn; but the same was never repeated or forwarded to plaintiff. He alleges that the services rendered by him to the boom company in making the survey were of the value of $113, and that, by reason of the failure and neglect of defendant's operator at Bayfield to forward the message aforesaid to him, he was prevented from attending the trial of the action, and lost his fee. There is no allegation in the complaint that plaintiff paid, or offered to pay, the cost of forwarding the message from Bayfield to Washburn. Plaintiff relies for recovery upon the alleged custom of defendant to repeat such messages.

We are of opinion that the demurrer to the complaint was properly sustained. The alleged custom on which plaintiff relies for recovery was a mere gratuity on the part of defendant, and one which plaintiff shows no right to rely upon. The message inform-

ing him of the date of the trial was sent by the attorney for the boom company at Minneapolis, and constituted a contract between the attorney and defendant to forward and deliver the message to plaintiff at Bayfield, and defendant was under no duty ·or obligation for the consideration received by it from such attorney to repeat or forward the message to any other point. The alleged agreement of the operator to do so was without consideration, and not binding upon defendant.

It is true that the person to whom the message is directed has a cause of action against the telegraph company for failure to deliver the same in due time, but his right of recovery extends no further than for a failure to deliver at the point to which the message is sent. Any agreement between the person expecting a message and the company to repeat or forward the same to some other point constitutes a new and independent contract, requiring a new consideration to support it.

The case needs no further discussion, and the order appealed from is affirmed.