BAUMS CASTORINE CO. *vs.* ALBERT KIMPEL.

*Judgment—Motion to open ; At next Term—Affidavit of Demand ;
Made before Suit was entered—Irregularity ; Waiver
of—Practice.*

A judgment will not be opened and defendant let into trial upon motion made
by the defendant at the term of Court next after the judgment was rendered ; although
it appears that the affidavit of demand was made before the suit was brought.    It is
such an irregularity as the defendant may waive.

(*September 30, 1904.*)

LORE, C. J. and PENNEWILL, J., sitting.

*T. Bayard Heisel* for plaintiff.

*Walter L. Willis* for defendant.

Superior Court, New Castle County, September Term, 1904.

MOTION TO OPEN A JUDGMENT and let defendant into a trial
at the next term after the judgment was obtained, on the ground
that the affidavit of demand was made before the suit was filed.

*Heisel,* for plaintiff, contended that the application was
made too late ; that there had been an affidavit of demand filed,
there being no affidavit of defense and judgment entered in the
regular course ; that the term elapsed and then execution was issued,
and now the application was made by the defendant to open the
judgment because of an alleged defect in the affidavit of demand ;
that the usual practice of the Court was to hold that defects in
affidavits of demand must be taken advantage of at the first term.
*Black on Judgments, Sec. 326, p. 403.*

LORE, C. J.:—We think that this being an irregularity the
defendant has waived his right to object.   The reason is very well
stated in *Black on Judgments, Section 326,* as follows :

"It is not every trivial or inconsiderable irregularity that will support an application to vacate the judgment. The principles which should govern the exercise of this remedial power of the Courts have been well stated by the Supreme Court of North Carolina in the following language: 'A motion in the action to set aside the judgment for irregularity will be entertained by the Court if it should be made within a reasonable period after it was granted (rendered). This, however, does not imply that every judgment defect of any degree, directly or indirectly, by some or any irregularity in the course of the action leading to it, will be set aside. Some irregularities are unimportant and do not affect the substance of the action or the proceedings in it. There are others of more or less importance that may be waived or cured by what may take place or be done in the actions after they happen; and there are yet others so serious in their nature as to destroy the efficacy of the action and render the judgment in it inoperative and void. Whether the Court will or will not grant such a motion in any case, must depend upon a variety of circumstances, and largely upon their peculiar application to the case in which the motion shall be made. Generally judgments will be set aside only when the irregularity has not been waived or cured, and has been or may be such as has worked, or may yet work, serious injury or prejudice to the party complaining interested in it, or when the judgment is void. The Court will also, upon motion, strike from its record a judgment void for irregularity.' Although the irregularity might have defeated the proceeding, if objection had been timely and properly made, yet whether it is such as must be deemed waived by the failure to object, it will not be ground for vacating the judgment."

Rule discharged.