THE ODESSA LOAN ASSOCIATION, a corporation of the State of Delaware, *vs.* WILLIAM E. DYER, Administrator of the estate of REBECCA V. DYER, deceased, mortgagor.

1. COURTS—JURISDICTION OF SUBJECT-MATTER—ASSENT OF PARTIES.

Jurisdiction over the subject-matter cannot be conferred by assent of the parties, but must be given by law.

2. COURTS—JURISDICTION—JURISDICTION OF PERSON.

The jurisdiction of a court over the person or property of a party is acquired by process served in the statutory manner, and the legality of the service is dependent on the statute, and not on any agreement by the parties.

3. APPEARANCE—WAIVER OF OBJECTIONS—SERVICE.

The constitutional guaranty that no valid proceeding can be had against one until he has been notified thereof by proper service of process is for his protection, and a party may voluntarily waive it by voluntary appearance and submission to the court's jurisdiction; but where he appears, not voluntarily, but in response to service of process, the service must be legal to make the proceeding legal.

4. PROCESS—SERVICE—STATUTES.

The statute defining legal service of process, by prescribing with particularity the methods by which service may be made, does not authorize service on or acceptance of service by the attorney of a defendant, for such service is on an agent, and is good only when made so by statute.

(*September* 27, 1911.)

Judges CONRAD and WOOLLEY sitting.

*T. Bayard Heisel* for petitioner.
*George L. Townsend, Jr.,* for respondent.

Superior Court, New Castle County, September Term, 1911.

SCIRE FACIAS SUR MORTGAGE (No. 137, May Term, 1907).

Rule to show cause why a judgment and the execution issued thereon should not be vacated. The judgment was moved for and entered for want of an affidavit of defence. The only service of process attempted to be made on the defendant was, as shown by the sheriff's return, endorsed thereon: "Service accepted (signature of attorney), attorney for William E. Dyer, May 18, 1907."

WOOLLEY, J., delivering the opinion of the court:

It appears from the petition filed in support of the rule, that the above-entitled cause was docketed in this court at its May term, 1907; that no service of process was made or attempted to be made upon the defendant, except in the manner shown by the return indorsed thereon, as follows: "Service accepted." [Signature of Attorney], "Attorney for William E. Dyer, May 18th, 1907;" that judgment was moved for and entered for want of an affidavit of defense and execution on the judgment thereafter issued.

[1-3] The jurisdiction of a court over the subject-matter of a suit is given it by law and is never conferred by the assent of parties. Likewise the jurisdiction of a court over the person or property of a party is acquired by process, served in a manner prescribed by the law and not in a manner agreed upon by the parties, however satisfactory that manner may be to one or to both of them. No valid proceeding can be had against a person

until he shall have been notified of such proceeding by proper service of process. This is a right secured to all by the constitutions of the United States and of the State of Delaware. Being provisions for his protection, a party may voluntarily waive them, and by appearance, submit himself to the court's jurisdiction, but if he appear not voluntarily but in response to service of process, the service must be legal in order to make the proceeding legal.

[4] The statutes of this state have declared what is legal service, by prescribing with particularity, the methods by which service of process may be made upon defendants of different classes in different forms of action. As legal service of process is defined and determined by law, a defendant in an action may not determine for himself how he may be served nor may his attorney decide for him, for the legality of a service is dependent upon the authority of the law and not upon the authority of the parties.

Service upon or service accepted by the attorney of a defendant in an action, is service upon an agent and is good only when made so by statute. As there is no statute making legal the acceptance of service by an attorney for a defendant, such a service does not constitute legal service, notwithstanding its effect may be to bind the attorney, morally or professionally, to cure the defect by appearance. The court therefore holds that there was no legal service in this case and that the judgment entered thereon and the execution issued thereunder should be vacated.

Rule absolute.