she fell conclusively appears from her own admission. Her testimony as to this is as follows: "Q. If you had looked over the curb you would have seen the spalls that were there, couldn't you. It was broad daylight? A. Yes. Q. When you came to that curb you didn't look over to see them? A. No, sir.......Q. The reason you didn't see the spalls on the opposite side of the curb, when you stepped over, was because you didn't look to see them, is that true? A. Yes, sir."

Judgment affirmed.

---

# Saupp, Executor, et al., Appellants, *v.* Streit et al.

*Judgments—Entry without authority—Rule to strike off—Time limitation.*

1. If a judgment is irregularly or illegally entered there is no time limit restricting the power of the court to strike off such judgment, provided it was not entered adversely after hearing or a trial.

2. As a general rule a judgment regular on its face will not be stricken off, but when it is entered wholly without authority it may be stricken off.

3. Where a wife was executrix of her deceased husband, who had been a member of a partnership, and thereafter a suit in equity was brought against the wife as executrix of her husband's estate and individually and against two other defendants for money owing to the partnership, of which deceased had been a member, and the attorneys for the parties agreed that judgment should be entered against the defendants for a certain sum, but the wife had no actual knowledge that she was to be held individually liable, and where there was nothing to show that the wife was liable for her husband's debts, the court properly struck off the judgment against the wife as an individual.

Argued April 18, 1917. Appeal, No. 378, Jan. T., 1916, by plaintiffs, from decree of C. P. Blair Co., June T., 1911, No. 364, striking off judgment, in case of Frank D. Saupp, Jr., Executor of the Estate of Francis D. Saupp, Sr., Deceased, and Matilda J. Saupp, v. Carolyne Streit, Intermarried with Oliver Rothert, Executrix of

the Estate of George F. Streit, deceased, Carolyne Streit Rothert, Widow of George F. Streit, deceased, and the Central Trust Company, Trustee.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and WALLING, JJ.   Affirmed.

Petition for rule to strike off judgment.

BALDRIGE, P. J., filed the following opinion:

On or about the 20th day of June, 1890, George F. Streit and Francis D. Saupp, Sr., entered into an oral agreement of copartnership whereby they were to buy, sell and deal in real estate.   This copartnership continued until the 9th day of July, 1905, when George F. Streit, one of the partners, died.

On the 27th day of March, 1908, a bill in equity was filed in this county, to No. 645, October Term, 1908, wherein Frank D. Saupp, Jr., executor of Francis D. Saupp, Sr., deceased, and Matilda J. Saupp were plaintiffs, and Carolyne Streit, intermarried with Oliver Rothert, executrix of the estate of George F. Streit, deceased, Carolyne Streit Rothert, widow of the late George F. Streit, deceased, and the Central Trust Company, trustee, were defendants.

In the ninth paragraph of the bill the plaintiffs aver the copartnership, the death of George F. Streit, and that thereafter the partnership was dissolved.   The eleventh paragraph avers that in the conduct of the copartnership George F. Streit received various amounts of money for the use and benefit of the partnership and never rendered an account thereof.   It is further averred in the sixth paragraph that on the 4th day of August, 1905, Francis D. Saupp, Sr., and Carolyne Streit, widow of George F. Streit, entered into an agreement with the Central Trust Company, of Altoona, whereunder the trust company was to act as trustee for Francis D. Saupp, Sr., and for the estate of George F. Streit, deceased, in selling and conveying certain property owned by Saupp and Streit estate.

The plaintiffs prayed for an accounting of all the partnership dealings and transactions during the life of George F. Streit, and for a full and true account of the partnership by the Central Trust Company, and for a dissolution of the partnership.

The record does not disclose any objection raised to the misjoinder of parties by including Carolyne Streit Rothert as widow of the deceased partner, nor does the bill aver that the widow of George F. Streit was a member of the copartnership, nor that she was indebted thereto, nor that she in any wise assumed the payment of any indebtedness that might have been due from George F. Streit to the partnership.

An answer was filed by the defendants, and on March 1, 1909, the parties through their attorneys fixed the indebtedness of Francis D. Saupp, Sr., and George F. Streit to the copartnership, and on March 5, 1909, filed the following stipulation, to wit: "Now, by agreement of counsel the sole question submitted herein for determination by your honorable court is, whether or not the estate of the late George F. Streit is liable to the copartnership of Streit & Saupp for the payment of interest in the amount of $17,826.38, as claimed by the plaintiffs." Thereafter, to wit, on April 28, 1909, the court filed the following decree: "It is further adjudged and decreed that the interest be surcharged against the defendant on the sum of $22,854.33 from the 9th day of July, 1905, at the rate of 6 per cent. to the date of this decree, being the sum of $5,222.14, for which amount judgment is directed to be entered, unless exceptions are filed thereto within fifteen days."

Exceptions were filed and the court modified its decree respecting the amount of interest. Accordingly the following decree of court was entered of record: "And now, to wit, this 25th day of September, A. D. 1911, on motion of J. Banks Kurtz, counsel for plaintiff, the prothonotary, for the purpose of carrying out the provisions of the stipulation of counsel for plaintiffs and defendants

herein filed, is authorized and directed to enter judgment in favor of the late partnership of Francis D. Saupp, Sr., and George F. Streit, and against the plaintiffs in the sum of $11,734.93, with interest thereon from August 1, 1905, and against the defendants in the sum of $36,-407.58, with interest thereon from August 1, 1905, which amounts represent the indebtedness of the estates of the late Francis D. Saupp, Sr., and George F. Streit to the copartnership, as fixed and determined by their respective counsel in the stipulation filed, as aforesaid, and was in excess of the amount filed in the court's decree under date of May 17, 1910, filed in these proceedings."

The attorneys for plaintiffs and defendants in writing consenting to the entering of the foregoing decree, judgment was thereupon entered to No. 364, June Term, 1911, in favor of the late copartnership in the sum of $36,-405.58, with interest from August 1, 1905, and "against the defendants," including Carolyne Streit Rothert in her individual capacity. A sci. fa. was issued to revive this judgment to No. 41, March Term, 1915, which was duly served upon Carolyne Streit Rothert; whereupon she came into court alleging that she had no knowledge of any effort to make her individually liable for the payment of the judgment above recited, and that the averments in the bill, and the prayer for relief did not justify a judgment being entered against her, and, therefore, prayed that the judgment be opened up, and also that it be stricken from the record in so far as it affects her, contending that the judgment is irregular on its face and was improvidently entered in so far as she Carolyne Streit Rothert is concerned.

The plaintiffs contended that the objecting defendant has no standing in this proceeding, that her remedy, if she has one, is by a bill of review.

It has been frequently ruled in this State that if a judgment was irregularly or illegally issued there is no time limit restricting the power of the court to strike off such a judgment, providing the judgment is not entered

adversely after hearing or a trial: Johnson v. Royal Insurance Co. of Liverpool, 218 Pa. 423; Long v. Lemoyne Borough, 222 Pa. 311, 318. The court in this latter case says: "As a general rule, a judgment regular on its face, will not be stricken off, but when it is entered wholly without authority it may be stricken off, for it is no judgment at all so far as it affects the rights of the defendants: Bryn Mawr National Bank v. James, 152 Pa. 364. This judgment was entered without authority and the court below found that the entry of it had never been ratified."

In the case at bar the judgment was entered not adversely, but by agreement.

There is not the slightest intimation from any source that Carolyne Streit Rothert was a member of the firm when the indebtedness arose, nor is there any averment in the bill that the plaintiff sought to hold her liable. The parties themselves stipulated that the sole question for determination by the court was to what extent the estate of George F. Streit was liable to the copartnership of Streit & Saupp. If the purpose was to make Carolyne Streit Rothert in her individual capacity pay the debts of the copartnership of Streit & Saupp it was incumbent upon the plaintiff to sufficiently allege and prove her liability, as it is a well recognized fundamental principle in equity procedure and pleading that every fact essential to entitle the plaintiff to the relief he seeks must be averred in the bill, and the decree must be in conformity with the averments and proof: Luther v. Luther, 216 Pa. 1; Spangler Brewing Co. v. McHenry, 242 Pa. 522. Not only the bill and the relief sought fail to point out Carolyne Streit Rothert's liability, but the parties themselves after the decree of the court had been entered apparently recognized that the liability was confined to the George F. Streit estate, for on September 12, 1912, the executor of Francis D. Saupp, Sr., in presenting a petition for the appointment of a receiver sets forth "That counsel for the respective parties in this suit by stipulation filed on

216    SAUPP, Exr., et al., Appel., *v.* STREIT et al.

the 1st day of March, 1909, agreed that on August 5, 1905, Francis D. Saupp, Sr., was indebted to the partnership of Streit & Saupp in the sum of $11,734.93, and on said date George F. Streit was indebted to the said partnership in the sum of $36,407.58, and that judgments have been entered of record for said amounts against said parties." Even at that date there is no intimation but that the indebtedness was that of the George F. Streit estate only, no hint that Carolyne Streit Rothert was expected to pay any part of it.

We are at loss to know how a judgment unsupported by any adequate averment, in fact no averment at all, could have been entered except on the theory that because Carolyne Streit Rothert was erroneously joined as a party defendant that that of itself made her liable. Judgment was to be entered as stipulated "against the defendants." What defendants? Would the Central Trust Company, a trustee appointed long after the indebtedness was incurred, but a defendant, be also held liable with Carolyne Streit Rothert? Such an intention is inconceivable. Yet if she as a defendant must help pay this judgment so would the Central Trust Company have to contribute its share.

As Carolyne Streit Rothert bore no relationship to the firm, and no liability has been shown either by averment, proof or stipulation, the judgment in so far as it affects her is illegal and invalid and stricken from the record.

It is apparent that under the pleadings in the case a decree against "the defendants" was not warranted and was irregular and illegal. The estate of George F. Streit is liable for and should pay this indebtedness, as it was he who incurred it, not Carolyne Streit Rothert individually.

The court struck off the judgment against Carolyne Streit Rothert, individually. Plaintiffs appealed.

*Error assigned* was the order of the court.

*R. A. Henderson,* with him *James E. Hindman* and *J. Banks Kurtz,* for appellants.

*O. H. Hewit,* with him *W. Frank Vaughn,* for appellee.

PER CURIAM, May 14, 1917:

This appeal is dismissed, at appellants' costs, on the opinion of the court striking off the judgment against Carolyne Streit Rothert individually.

---

## Mayer Brothers Construction Co. *v.* American Sterilizer Company, Appellant.

*Contracts—Building contracts—Waiver of provisions—Course of action by parties—Delay—Remedy provided by contract.*

1. Where in an action on a building contract, which provided that all payments were to be made upon the certificate of the engineers, and the evidence was undisputed that there were nine out of ten payments made, and no written certificate of the engineers, to the effect that any of these nine payments were due, was asked for or required, a request to charge that if the jury found the facts as above stated then they would be warranted in finding that defendant had waived the requirement of the contract as to payment, was properly affirmed.

2. Where in such case the evidence showed that after the engineers designated in the contract had severed their connection with the building, the plaintiff and defendant entered into a modification of the contract, as a result of which the defendant was to furnish a certain ingredient to be mixed with gravel to be used as a hardener, and where the plaintiff claimed that the defective condition of the floors in the building resulted from the use of this hardener and that the floors were laid under the supervision of another agent of the defendant, the court properly submitted to the jury the questions as to whether the defective condition of the floors was the result of the substance furnished by the defendant, and whether the floors had been properly laid.

3. Where a building contract provided that if the contractor fail to prosecute the work with promptness, such refusal, neglect or failure, being certified by the engineers the owner shall be at liberty, after five days' written notice, to provide such labor and ma-