CLARENCE M. WILHELM, Administrator of Mary J. Wilhelm, Deceased,

*vs.*

DR. A. R. MITCHELL.

*Speedy Judgment Act: Baltimore County; insufficient account filed.*

Where an account is filed in a case, it does not meet the requirements of Chapter 631, section 18G of the Acts of 1894, "The Speedy Judgment Act of Baltimore County," unless it gives a statement of the particulars of the defendant's indebtedness.                                             p. 361

Where suit is brought under the Speedy Judgment Act of Baltimore County, if the account filed therewith is insufficient, neither under the Act nor under the general rules of court is the plaintiff entitled to a judgment by default because of the failure of the defendant to file a plea.          pp. 361-362

In such a case, the plaintiff can not be entitled to a judgment by default, the court is without jurisdiction to enter a judgment, and the irregular entry of such judgment is ineffective.

                                         p. 361

*Decided August 11th, 1917.*

Appeal from the Circuit Court for Baltimore County. (Duncan, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Burke, Thomas, Pattison, Urner and Stockbridge, JJ.

*O. Parker Baker,* for the appellant.

*T. Scott Offutt* (with whom was *John Mays Little* on the brief), for the appellee.

Pattison, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County, overruling a motion to strike out a judgment entered in favor of the appellee against the appellant.

The suit, in which the judgment sought to be stricken out was rendered, was brought on May 26th, 1916, under what is known as "The Speedy Judgment Act" for Baltimore County, Chapter 631 of the Acts of 1894, as amended by Chapter 385 of the Acts of 1912, Chapter 817 of the Acts of 1914 and Chapter 184 of the Acts of 1916.

The declaration contained the common counts only, and with it was filed the following account or cause of action verified by the affidavit of the plaintiff:

"Monkton, Md., March 27, 1915.

Estate of Mrs. Mary J. Wilhelm,

To Dr. A. R. Mitchell,   Dr.

To amt. of acct. rendered Aug. 31, 1907......$183.00
To amt. of acct. rendered May   6, 1908......  28.00
   To subsequent attention as follows:
1908, May 8.............................
1912, May 28............................
1915, Feb. 15, Feb. 26, Feb. 27, Feb. 28.......   8.25

$219.45

Credits:
    1909—
        June 21, cash. . . . . . . . . . . . . . . . . . . .$10.00
        Oct. 28, cash. . . . . . . . . . . . . . . . . . . . 10.00
    1910—
        Aug. 2, cash. . . . . . . . . . . . . . . . . . . 8.00
        Aug. 29, cash. . . . . . . . . . . . . . . . . . . 25.00
                                ——— 53.00

        Balance. . . . . . . . . . . . . . . . . . . . . . . . . . . .$166.45
    1916—
        Feb. 23, by cash on account. . . . . . . . . . . . $53.00

The defendant being duly summoned, but failing to appear and plead to the declaration within the time prescribed by the statute, the plaintiff filed his motion in writing, as provided by the Act, asking "the Court to enter a judgment by default against the defendant for want of proper plea, affidavit and certificate, as required by the statute in such case made and provided and * * * to extend said judgment." Upon this motion a judgment was entered by order of the Court.

Thereafter the defendant filed his motion to strike out the judgment so entered, assigning as one of the reasons therefor the insufficiency of the account under the provision of the Act, under which the action was brought and the judgment rendered. This motion was overruled and it is from the action of the Court in overruling it that this appeal is taken.

The Act provides, Chapter 631, section 18G of the Acts of 1894, that the plaintiff shall not be entitled to judgment under the provisions of said Act, "Unless at the time of bringing his action he shall file his declaration, with an affidavit, or affirmation, * * * stating the true amount the defendant is indebted to him, over and above all discounts, and * * * if the action be founded upon a verbal or implied contract shall file his statement of the particulars of the defendant's indebtedness thereunder."

The account, as stated above, is the only cause of action that was filed in the case and should it be found that it does not meet the requirements of the statute, in that it fails to give a statement of the particulars of the defendant's indebtedness, the plaintiff was not entitled to judgment by default under the aforesaid statute, and the Court was without jurisdiction to enter the judgment, and its irregular entry could in no way aid or supply that want of jurisdiction. *Thillman* v. *Shadrick,* 69 Md. 530.

As stated in *Adler* v. *Cook,* 68 Md. 494: "The object of the Act was, in cases to which it applied, to obtain from both plaintiff and defendant a definite and sworn statment of both the claim and the defense (if any) so that the parties might know exactly wherein they differed and shape their actions accordingly."

It will be seen from an examination of the account which is dated March 27th, 1915, that it contains but three debit items, amounting in all to $219.25. Two of these items aggregate $211 and are stated as follows:

    To amt. of acct. rendered Aug. 31, 1907....$183.00
    To amt. of acct. rendered May  6, 1908....  28.00

It appears from these items that two separate accounts were rendered to some one, but to whom they do not disclose, nine and eight years respectively before the institution of this suit. It is not shown by the account filed what these accounts so rendered contained and there is nothing in the items themselves showing the nature and character of the alleged indebtedness or when the same was incurred. To us it is clear that the account as filed does not set forth the particulars of such alleged indebtedness as required by the statute, and therefore the judgment was, in our opinion, wrongfully entered under the statute and should have been stricken out under the motion filed.

It is contended by the appellee that as the defendant was regularly summoned and failed to file his plea, the plaintiff, irrespective of the statute, was, at the time of the entry of

the judgment, entitled, under the rules of the Court, to a judgment by default for want of such plea, and therefore should it be held that the judgment could not have been properly entered under the statute, for the reason here assigned, its entry was proper under the rule of the Circuit Court, because of the failure of the defendant to file his plea.

The rules of the Court below are not before us, but whatever may be said of the plaintiff's rights thereunder to a judgment by default for want of a plea, it is clearly shown by the record that the judgment was not entered under such rule of the Court, but was entered under the statute, Chapter 631 of the Acts of 1894, as amended by the subsequent Acts named above and as we have said was wrongfully entered thereunder.

Holding as we do that the Court was in error in its refusal to strike out the judgment, its rulings will be reversed and a new trial awarded so that the judgment wrongfully entered may be stricken out and an opportunity given to the defendant to present his defense upon the merits.

*Judgment reversed and new trial awarded.*