PAT McDONALD v. OLIVER J. TETRAULT, ADMINISTRATOR AND OTHERS.[1]

December 30, 1921.

No. 22,385.

Complaint defective—consideration for promise not pleaded.

1. An omission to plead any consideration for an alleged promise to pay a debt of a third person, renders the complaint fatally defective.

Vacating default judgment—failure to state cause of action sufficient, when.

2. The fact that a complaint fails to state a cause of action is in itself sufficient to justify the trial court in opening a default judgment and permitting defendants to answer, when applied for within the time allowed for an appeal from such judgment.

Action in the district court for Rice county to recover $225 upon a debt evidenced by a check. Judgment by default was entered. From an order, Childress, J., granting defendants' motion to vacate the judgment and be allowed to serve their answer, plaintiff appealed. Affirmed.

*James P. McMahon*, for appellant.
*Quinn & Moonan*, for respondents.

QUINN, J.

Appeal from an order of the district court of Rice county opening a default judgment and permitting defendants to answer.

[1]Reported in 185 N. W. 952.

The summons and complaint were served upon the defendants personally on December 24, 1920. Judgment was entered and execution issued on January 14, 1921. Defendants procured an order returnable February 26, 1921, citing plaintiff to show cause why the judgment should not be opened and defendants allowed to serve an answer to the complaint. The matter was heard upon the summons and complaint, the proposed answer, and affidavits filed by the respective parties, whereupon the court filed an order opening the judgment and permitting the defendants to serve their proposed answer. From such order plaintiff appealed.

It is alleged in the complaint that the estate of Joseph Henry Tetrault, deceased, is indebted to the plaintiff for money loaned to decedent during his lifetime in the sum of $225 and that defendants have each promised to pay the same. The claim was not presented for allowance in the probation of decedent's estate. The action is brought against the defendant Oliver J. Tetrault in his representative capacity, as administrator of the estate of Joseph Henry Tetrault, and against Minnie Tetrault individually. There is no allegation in the complaint of any consideration for the alleged promise. This omission renders the complaint fatally defective. The pleading fails to state a cause of action. 13 C. J. p. 722; Abbott v. Western Union Tel. Co. 86 Minn. 44, 90 N. W. 1. Where a judgment is entered by default, the fact that the complaint fails to state a cause of action is in itself sufficient to justify an order opening the judgment and permitting defendants to answer, when applied for within the time allowed for an appeal from such judgment. Stahl v. Railway Co. 94 Wis. 315, 68 N. W. 954; Mason v. Ry. Co. 58 Kan. 817, 51 Pac. 284; Saupp v. Streit, 258 Pa. 211, 101 Atl. 939; Wilhelm v. Mitchell, 131 Md. 358, 101 Atl. 785. The matter was within the discretion of the trial court, it needs no further discussion, and the order appealed from is affirmed.