## JACOB J. LANSBURGH *v.* M. P. HOWLETT FISH AND OYSTER COMPANY.

*Sale of Fish—Action for Price—Conformity to Representations —Prayers—Cross-Examination of Witness—Mailing of Letter—Presumption of Receipt.*

The refusal to allow the repetition, on cross-examination, of an inquiry, addressed to a witness on a relatively unimportant point, which he had three times stated his inability to answer, *held* not an abuse of discretion.                    p. 315

A statement by a witness that he had mailed a bill to defendant, addressed to him at Baltimore, Md., without any testimony as to whether the envelope bore a street address, was not sufficient proof of a proper mailing to justify a presumption that the bill reached its destination, for the purpose of the admission of secondary evidence of the bill.                    pp. 315-317

In an action for the balance of the purchase price of trout, wherein defendant claimed, and plaintiff denied, that the sale was of "Jersey" trout, error in admitting secondary evidence of plaintiff's bill for the trout, offered by him to show that it did not specify "Jersey" trout, *held* harmless, in view of plaintiff's disclaimer of any advantage to his contention from the bill's omission of the term "Jersey," and of the omission of that term from defendant's orders as to shipments.                    p. 317

In an action for the price of fish sold, an instruction authorizing a verdict for plaintiff, if the fish delivered and accepted were

"as represented," and if those not accepted were of the "grade and character bought," was not erroneous in failing to require the jury to find that the fish corresponded with the description given, and the sample submitted, at the time of the purchase, the evidence on both sides showing that there was no variance between the sample and description, and these having the same effect as a representation.                    pp. 317, 318

In such a case, an instruction was not erroneous because it required, as a condition of recovery, not that the fish conformed to description or sample, but that they were "as represented."
p. 318

In an action for the price of fish, that a granted prayer of plaintiff, which allowed recovery if the fish in question were found to be the fish purchased, failed also to require a finding that the fish were as represented by sample and description, *held* not ground for reversal, the prayer being concerned with the measure rather than the conditions of recovery, other granted prayers of plaintiff informing the jury that a verdict for him depended on the fish being as represented, and granted prayers of defendant specifically referring to the necessity of conformity to sample to entitle plaintiff to a verdict.                    pp. 318, 319

In an action under the Speedy Judgment Act for Baltimore City, to recover the balance of the purchase price of fish, an account, filed with the declaration, which stated the quantities and contract values of the fish, shipped or still in storage, which were not yet paid for, and the dates of deliveries, each item specifying the number of the boxes and of the fish contained therein, sufficiently complied with the statute.      pp. 319, 320

*Decided June 9th, 1927.*

Appeal from the Court of Common Pleas of Baltimore City (O'DUNNE, J.).

Action by the M. P. Howlett Fish and Oyster Company against Jacob J. Lansburgh, trading as J. J. Lansburgh & Company. From a judgment for plaintiff, defendant appeals. **Affirmed.**

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Morton P. Fisher,* with whom were *Fisher & Fisher* on the brief, for the appellant.

*George W. S. Musgrave* and *John H. Hessey,* submitting on brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The judgment in this case was rendered for a balance claimed on account of the purchase price of a carload of frozen fish sold by the plaintiff to the defendant, as to part of which there was a refusal to accept delivery and make payment. The sale included two hundred and eighteen boxes of fish, and by agreement they were placed in a cold storage warehouse in Philadelphia, where the plaintiff's business was conducted, to await shipment on successive orders to the defendant in Baltimore. Deliveries aggregating one hundred and five boxes were made on the defendant's orders, and seventy-seven boxes were sold in the market by the plaintiff at the request of the defendant for the same price, eleven cents per pound, which he had agreed to pay, leaving thirty-six boxes in storage subject to his order. The defendant refused to accept further shipments, and also declined to pay for the last two consignments, of ten boxes each, on the ground that the fish no longer conformed to the description and sample by which they were purchased. Payment having been made for the accepted shipments, the plaintiff sued the defendant for the contract price of the twenty boxes of fish delivered and not paid for, and the thirty-six boxes still in the warehouse which the defendant refused to receive. Tender was made by the defendant of an amount, less than the purchase price, which he considered to be the actual market value of the twenty boxes of fish last delivered. The verdict was in favor of the plaintiff for the amount claimed, and from the judgment entered on the verdict the defendant has appealed.

The contention of the defendant is that the fish were represented by the plaintiff at the time of the purchase to be Jersey trout, and that the sample box forwarded for his inspection contained fish of that description, as did also the consignments which were accepted, but that the two final shipments were of Virginia trout, which are said by the defendant and his witnesses to be of inferior size, quality, and market value. It is insisted, however, by the plaintiff, that the fish were sold simply as trout, without designation of the locality where they were caught or packed, and that they were of good quality and size, and in conformity with the description and sample. The theory that there is any recognized difference in the market between Jersey and Virginia trout was disputed by the plaintiff and witnesses whom he produced at the trial. It was agreed that the contract of sale had reference to "round" trout, which is a term indicating that the entrails of the fish have not been removed, and all of the fish in question were in fact of that description.

The first exception in the record was taken because of the refusal of the trial judge to permit what he considered to be an unnecessary repetition, on cross-examination, of an inquiry addressed to a witness for the plaintiff, as to the number of fish on the top layers of the boxes in which they were packed. The witness had three times stated his inability to answer the question, and we find no abuse of discretion in the refusal to allow the cross-examination on that relatively unimportant point to be continued. *Rickards v. State,* 129 Md. 184.

Over the defendant's objection, the court admitted in evidence a carbon copy of a bill said to have been sent to the defendant soon after the carload of fish was purchased, the general manager of the plaintiff corporation having testified that he had mailed the original of the bill to the defendant, and notice for the production of the original having been admitted, but possession or receipt of it by the defendant having been denied. The second exception was reserved be-

cause of this ruling. It is objected that the evidence as to the mailing of the bill to the defendant is not sufficient, because it was not proved that the defendant's place of business was specified by street and number on the envelope containing the bill, which, according to the testimony, was addressed to him at Baltimore, Maryland, and because it was not testified that the envelope was stamped. When the defendant objected to the admission of a copy of the bill on the ground that the mailing had not been properly proved, the court stated that the objection would be overruled. Further questioning of the witness then on the stand, who had testified to having mailed the bill, might have disposed of the objection now specifically urged. But the general statement of the witness that he mailed the bill in an envelope addressed to the defendant at Baltimore, Maryland, was hardly sufficient proof of a proper mailing to raise a presumption that the bill reached its destination. In 22 *C. J.* 98, a number of cases are cited in support of the text statement: "Receipt of a letter by the person for whom it was intended cannot be presumed unless it is proved that the letter was properly addressed to him, at the city or town where he resides or has his place of business, with the street and number if it is a city of considerable size, * * *." In the same volume (page 99), cases are cited to the proposition that "a letter is not duly mailed so as to give rise to a presumption of receipt by the addressee, unless it is proved that the postage was prepaid," while in other cases, there noted, the prepayment of postage is held to be implied from proof that the letter was mailed. There was affirmative evidence in *Wolf v. Union Trust Co.,* 150 Md. 385, as to the prepayment of postage for the mailing there alleged. If, in this case, we assume, though without deciding, that the proof of mailing implies the use of the postage required for due transmission, we have not the requisite information as to the course of correspondence between the parties to enable us to determine that a letter directed to the defendant in so large a city as Baltimore, without the designation of the

street and number of his place of business or residence, was sufficiently addressed to raise the presumption of its receipt, for the purpose of secondary proof of its contents.

But we have not found in the ruling on the point just considered any reason for a reversal. The bill allowed to be proved by the introduction of a carbon copy, on the ground that the original had been duly mailed to the defendant and had not been produced on notice, was a memorandum of the quantities and prices of the purchased fish under the general description of "round trout." It was proved on behalf of the plaintiff that the omission to describe the fish as Jersey trout was without significance. While the defendant's statement that the fish were represented to be Jersey trout was contradicted, it was testified for the plaintiff that, even if such a representation had been made, the fish would not have been specified otherwise than as "round trout" in the bill. It appears from the letters of the defendant, ordering shipments of the fish, that he described them simply as "trout." In view of the plaintiff's virtual disclaimer in the testimony of any advantage to his theory of the contract from the fact that the bill did not designate the fish as Jersey trout, and of the similar omission of that term from the defendant's orders, we have been unable to conclude that the action of the lower court in admitting the bill in evidence is a sufficient ground upon which to remand the case for retrial.

The third exception is directed against four instructions granted at the plaintiff's request. The first authorized a verdict in favor of the plaintiff for the purchase price of the fish actually shipped and of the remaining thirty-six boxes, if the delivered fish were "as represented," and the boxes of fish still in storage were part of the fish sold to the defendant and of the. "grade and character bought." This prayer is criticized because it does not require the jury to find that the fish referred to correspond with the description given or the sample submitted at the time of the purchase. According to the evidence on both sides, there was

no variance whatever between the description and the sample. Both had exactly the same effect as a representation of the fish to which the contract was intended to apply. The jury could not believe that the fish were "as represented" and of the "grade and character bought" except upon a finding from the evidence that they conformed both to the description and sample by which they were sold. In practical meaning and effect, therefore, the prayer sufficiently defined the issue to be decided. It is said that the prayer is objectionable because of a lack of evidence to prove that the fish still in storage were of the contract "grade and character." The testimony, we think, admitted of such an inference, but as the point was not raised by special exception to the prayer, it need not be further discussed. *Heath v. Michael,* 145 Md. 277; *Rice v. Biltmore Apts. Co.,* 141 Md. 507; *Kelley v. Stanton,* 141 Md. 380; Code, art. 5, sec. 10.

The plaintiff's second and fifth prayers also are subjected to the criticism that they require as a condition of recovery, not that the fish conformed to description or sample, but were "as represented." In *Deland Mining Co. v. Hanna,* 112 Md. 528, cited by the appellant, there was a sale of soapstone by sample, and it was held that an instruction which did not make a verdict for the plaintiff depend on a finding that the soapstone was like the sample, but permitted recovery if it was "as ordered in good condition," should have been refused as not meeting the requirements of the contract of sale. There is a substantial difference between the words used in the prayer considered in the case cited, and those found in the first, second and fifth prayers of the plaintiff in this case. A reference in a prayer to a delivery of goods "as ordered in good condition" might not be understood by the jury as necessarily meaning a delivery in accordance with the sample submitted by the vendor, whereas an instruction that the goods must have been "as represented" could refer only to the vendor's sample and description under such circumstances as those here presented.

By the plaintiff's third prayer, as granted with modification, the jury were instructed that if the defendant pur-

chased from the plaintiff the fish mentioned in the evidence, then their verdict should be for the plaintiff for such unpaid balance as the jury might find to be due for the fish, if they found "that the fish were the fish purchased," and that the thirty-six boxes of fish were ordered by the defendant to be held in the cold storage place in Philadelphia where the original quantity purchased was stored for the defendant's account.   This prayer is said to have improperly allowed the plaintiff to recover if the fish in question were found to be the fish purchased, without requiring the jury to find that the fish were as the vendor represented by the sample and description to which the testimony referred.   It is apparent that the prayer was concerned with the measure rather than with the conditions of recovery.   The other granted prayers of the plaintiff definitely informed the jury that a verdict for the plaintiff depended upon a finding that the fish purchased and not paid for were as the vendor represented, and prayers granted at the defendant's request specifically mentioned the sample as the standard by which the plaintiff's right to a verdict was to be determined.   In view of the adequate definition of the issue in other granted prayers of the plaintiff and defendant, we would not be warranted in holding that the judgment should be reversed merely because the plaintiff's measure of damage prayer was not equally explicit in defining the primary issue.

The only remaining exception raises the question whether a fee was properly allowed the plaintiff's counsel, after the verdict, as provided by the Speedy Judgment Act under which the suit is said to have been brought.   It is argued that the plaintiff did not strictly comply with the terms of the act, in regard to the statement of the particulars of its claim, and hence is not entitled to invoke the provision of the act for a counsel fee where the claim is disputed and as the result of the trial a judgment for the plaintiff is entered. Charter of Baltimore (1915), sec. 315.   The account filed with the declaration stated the quantities and contract values of the fish shipped or still in storage for which payment had not been made by the defendant, the dates of the deliveries

being given, and the number of boxes and of the fish contained therein being specified in each item. The suggestion that the account should have set forth all the details of the entire transaction under the contract for the sale of the fish is not acceptable as a reason for holding that the suit was not brought under the Speedy Judgment Act. With respect to the shipments which the defendant successively ordered and fully paid for, the transaction was closed, and the only indebtedness sued on related to the two final shipments and the fish left in storage which the defendant declined to receive. The statement of the particulars of the claim was, in our opinion, sufficient to bring the suit within the effect of the Speedy Judgment Act and to justify the allowance of a counsel fee. In *Wilhelm v. Mitchell,* 131 Md. 358, which the appellant cites on this point, each of the principal items in the statement filed with the declaration was: "To amount of account rendered" on a designated date. This was a clearly inadequate statement, but it is quite different from the one on which this suit was based.

*Judgment affirmed, with costs.*