WILLIAM E. HENDRIX *v.* JOHN J. KELLEY and JOSEPH PEREGOY, trading as "Better Concrete Company."

(*June* 28, 1928.)

RICE and HARRINGTON, J. J., sitting.

*Edward W. Cooch* for plaintiff.

*Leslie H. Gluckman* and *Victor Colombo* for defendants.

Superior Court for New Castle County, No. 34, January Term, 1926.

HARRINGTON, J., delivering the opinion of the court:

It is agreed that the proceedings on which the judgment in this case was based were not filed within thirty days after the expiration of ninety days from the completion of the work, as is provided by the statute (*volume 29, Laws of Delaware, c.* 225, § 2843) and that this appears on the face of the judgment record.

It is, also, agreed that the motion to strike off was not made until about two years after the judgment had been rendered and after several terms of court had intervened; and the motion to strike off is mainly opposed on that ground, though it is, also, contended that the fact that the plaintiffs filed their lien proceedings two days after the prescribed statutory time had elapsed was a mere irregularity and not fatal to the judgment.

■ ■ A Mechanic's Lien proceeding is a statutory proceeding of a summary nature for the benefit of persons furnishing labor or materials, or both, in certain specified building operations. The character of the operation included within its terms need not be considered, but in order to take advantage of the statute its material jurisdictional provisions must be complied with. *Heitz v. Sayers*, 1 *W. W. Harr.* (31 *Del.*) 221, 113 *A.* 901; *In re Republic Engineering Co.*, 3 *W. W. Harr.* (33 *Del.*) 81, 130 *A.* 498; *In re Elder*, 3 *W. W. Harr.* (33 *Del.*) 11, 129 *A.* 510; *Cantera v. Church*, 3 *Boyce* (26 *Del.*) 461, 84 *A.* 1035; *Woolley on Del. Pr.*, § 1393.

■ The time prescribed by the statute for filing a lien comes within this class, and as the record shows that the plaintiffs in the judgment did not comply with this statutory provision, their judgment is void on its face. *Alter v. Eckhardt*, 143 *Md.* 658, 123 *A.* 388.

■ The general power of this court over its own judgments, including the right to open or strike them off during the term in which they were rendered, is not questioned. The defendant, however, invokes the common-law rule that this right does not exist at a subsequent term of court. *Freeman on Judgments, vol.* 1, §§ 140, 194, 195, 196; *Woolley's Del. Prac.,* §§ 241, 838, 839; *3 Bl. Com.* 407; *Bronson v. Schulten,* 104 *U. S.* 410, 26 *L. Ed.* 797.

Even independent of statute (*Woolley v. Corbit,* 3 *Penn.* 501, 51 *A.* 601; *Stidham v. Thatcher,* 2 *Penn.* 567, 47 *A.* 1005; *Walker v. Walker,* 3 *Harr.* 502), this rule does not seem to have been applied in this state to petitions to open judgments for defects not appearing upon the record, either for the purpose of showing the invalidity of such judgments, or the amounts due thereon. *Waples v. Hastings,* 3 *Harr.* 403; *Townsend v. Townsend,* 5 *Harr.* 20; *In re Vandenburg,* 1 *W. W. Harr.* [31 *Del.*] 192, 112 *A.* 830; *Stockley's Adm'r v. Bewley,* 5 *Houst.* 587; *Lofland v. McDaniel,* 1 *Penn.* 416, 41 *A.* 882.

At any rate, it has not been applied to defects of a jurisdictional nature appearing upon the face of the judgment record, and this court has repeatedly entertained motions to strike off judgments of that character at terms subsequent to the ones at which they were rendered. *Wil. v. Kearns,* 1 *Houst.* 362; *Jones v. Hinderer,* 7 *Boyce* 516, 108 *A.* 737; *Odessa Loan Ass'n v. Dyer,* 2 *Boyce* 457, 81 *A.* 469; *Vincent v. Herbert,* 2 *Houst.* 425; *Bank of Wil. & Brandywine v. Sharpe,* 5 *Harr.* 170; *Guyer's Adm'r v. Guyer,* 6 *Houst.* 430. See, also, *Baums Castorine Co. v. Kimpel,* 5 *Penn.* 98, 58 *A.* 1035; *Freeman on Judgments,* §§ 198, 217, 228; 15 *R. C. L.* 690, 691; *Saupp v. Streit,* 258 *Pa.* 211, 101 *A.* 939; *Johnson v. Royal Ins. Co.,* 218 *Pa.* 423, 67 *A.* 749.

In *Wil. v. Kearns,* the judgment was stricken off after two terms of court had intervened; in *Vincent v. Herbert,* the judgment was entered at the November Term, 1860, and was stricken off by the court on motion at the Spring Session of 1862; in *Bank of Wil. & Brandywine v. Sharpe,* the judgment was entered in 1833 and was stricken off in 1849; in *Guyer's Adm'r v. Guyer,* the judgment was entered in November, 1880, and was stricken off at the Fall

Session of 1881; in *Odessa Loan Ass'n v. Dyer,* the judgment was apparently procured in 1907 and stricken off in 1911, and in *Jones v. Hinderer,* the judgment was apparently procured in 1918 and stricken off in 1920.

*Kuehne v. Goit,* 54 *Ill. App.* 596, and *Justice v. Meeker,* 30 *Pa. Super. Ct.* 207, cited by the defendants, are not inconsistent with this rule as they merely involved irregularities in the record not jurisdictional in nature. See, also, *Baums Castorine Co. v. Kimpel,* 5 *Penn.* 98, 58 *A.* 1035.

As a matter of fact, whatever the English rule may be now, proceedings to strike off or open judgments were not always confined to the term at which they were rendered. *Conan v. Reynolds,* 5 *El. & B.* 301; *Freeman on Judgments,* § 198.

The judgment here is attacked directly but the same general principle applied to the vacation of judgments for jurisdictional record defects has been applied when the judgment was questioned in some indirect or collateral matter. *Frankel v. Satterfield,* 9 *Houst.* 201, 19 *A.* 898; *Green v. Clawson,* 5 *Houst.* 159; *Freeman on Judgments,* vol. 1, § 382; 34 *C. J.* 514; 15 *R. C. L.* 895.

The defendants contend that the plaintiff in the motion is barred by the rule of laches. It is sufficient to say, however, that the judgment in question was void on its face and that no one was injured by plaintiff's delay in making his application to strike off.

Further than that, it appears from the cases above cited that applications to strike off judgments in similar cases have been granted by this court even after the expiration of more than two years. See, also, *Saupp v. Streit,* 258 *Pa. St.* 211, 101 *A.* 939.

The motion of the plaintiff to strike off the judgment in question is, therefore, granted.