# C. L. ROE v. MRS. J. WIDME.[1]

March 23, 1934.

No. 29,863.

[1]Reported in 254 N. W. 274.

*George E. Ericson,* for appellant.
*Lloyd J. Hetland,* for respondent.

*I. M. OLSEN, Justice.*

Plaintiff appeals from an order of the district court opening a default judgment in his favor and permitting defendant to appear and demur to the complaint and to defend in the suit.

The complaint is upon a promissory note for $49, given by defendant December 17, 1923, and due November 1, 1924. The complaint alleges that no payments thereon have been made. This action was commenced by service of the summons on March 14, 1933. Defendant failed to answer, and judgment on default was entered against her on June 24, 1933. Execution was issued on the same day and returned unsatisfied.

On August 29, 1933, defendant moved for a vacation of the judgment and for leave to defend and to serve a proposed demurrer to the complaint. The motion was based on her affidavit and a proposed demurrer attacking the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The grounds of the motion are mistake and excusable neglect in failing to demur or answer.

In her affidavit defendant states that the service of the summons and complaint was made by one Riley Rasmusson, a private person, who handed her the papers without informing her of the nature thereof; that she understands and speaks English very imperfectly, has had no business experience, and did not realize that an action had been brought against her or that it was necessary for her to answer the complaint; that she put the papers away without consulting anyone about them and without reading them and did not know until June 25, 1933, that any judgment had been entered against her.

There are opposing affidavits, by Riley Rasmusson and plaintiff's attorney, tending to show that defendant was informed of the nature of the action and the necessity of interposing an answer prior to

the entry of the judgment. If defendant's affidavit shows sufficient grounds for granting the motion, then the order is one made on conflicting affidavits, in the exercise of the trial court's discretion, and should not be disturbed. The matter of opening a default lies almost wholly in the discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion. Particularly is this true when the determination is made on conflicting affidavits. 3 Dunnell, Minn. Dig. (2 ed.) pp. 973-974, and list of cases cited in notes 63 and 64.

■ There was some delay in moving for relief. But we cannot well say that in excusing such delay the trial court clearly abused its discretion. Whether reasonable diligence was shown was a question for the trial court rather than for this court.

■ The complaint on its face fails to state a cause of action. The affidavits presented by plaintiff on the motion to vacate the judgment show nothing to take the cause of action out of the statute or to indicate that any cause of action exists. In McDonald v. Tetrault, 151 Minn. 61, 62, 185 N. W. 952, 953, this court held that where a judgment is entered on default the fact that "the complaint fails to state a cause of action is in itself sufficient to justify an order opening the judgment and permitting defendants to answer, when applied for within the time allowed for an appeal from such judgment."

The case of C. B. & Q. R. Co. v. Benson Produce Co. 150 Minn. 78, 184 N. W. 373, holding that where judgment on default is entered upon a complaint which fails to state a cause of action, the defendant, on appeal from the judgment, is entitled to have it reversed, indicates that such judgment may be set aside on motion within the time to appeal from the judgment, and lends support to the holding in the McDonald case, 151 Minn. 61, 185 N. W. 952.

■ It is contended that a demurrer is not a meritorious defense such as is required to be presented on a motion to open a default judgment. But there is here an affidavit of merits, and the motion was for leave to defend on the merits and also to present such defense by demurrer. Where the complaint on its face shows that the action is barred by the statute of limitations, the defendant

has the option of presenting that defense by demurrer or by answer, for the defense that a complaint fails to state a cause of action is not waived by failure to demur. 2 Mason Minn. St. 1927, § 9252.

The statute of limitations is a statute of repose. The courts have no power to extend or modify the period of limitation prescribed thereby. While there are early decisions applying a strict construction indicating that the defense of the statute is not looked upon with much favor, it is now more liberally construed, and the courts regard the statute with favor as a statute of repose. Brasie v. Minneapolis Brg. Co. 87 Minn. 456, 464, 92 N. W. 340, 67 L. R. A. 865, 94 A. S. R. 709. The statute is a valid and legal defense, when applicable to the facts, and presents a meritorious defense whether raised by answer or demurrer.

Order affirmed.

